Filed 4/9/13  In re Antonio J. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ANTONIO J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO J.,<br><br>Defendant and Appellant. | F065100<br><br>(Super. Ct. No. JL003903)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  David W. Moranda, Judge.

Gabriel C. Vivas, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

---

\*      Before Levy, Acting P.J., Cornell, J. and Gomes, J.

## INTRODUCTION

In a juvenile wardship proceeding (Welf. & Inst. Code, § 600 et. seq.) appellant was found to have committed a residential burglary, possessed vandalism tools and 28 grams or less of marijuana.  As part of the dispositional order, appellant was ordered to successfully complete various terms and conditions of probation.  Appellant challenges the constitutionality of three probation conditions:  (1) he is not to remain away from home overnight without first securing the probation officer's permission (condition No. 8); (2) he is not to wear gang clothing or display gang signs, markings and insignia (condition No. 33); and (3) he is not to possess instruments used to apply graffiti (condition No. 43).  We conclude that condition Nos. 8 and 43 are not unconstitutionally vague or overbroad but will modify the knowledge requirement contained in condition No. 33.  The judgment will be affirmed as modified.

## PROCEDURAL FACTS

On February 7, 2011, a juvenile wardship was filed alleging appellant came within the provisions of Welfare and Institutions Code section 602 based on his commission of two misdemeanors on October 26, 2010: disturbing the peace of a school campus (count 1) and battery on school property (count 2).  (Pen. Code, §§ 415.5, subd. (a), 243.2, subd. (a).)

On June 20, 2011, an amended petition was filed.  It added an allegation that appellant committed a first degree residential burglary on April 24, 2011 (count 3).  (Pen. Code, § 459.)

On December 8, 2011, a second amended petition was filed.  It added allegations that appellant vandalized a bridge belonging to the City of Merced (count 5) and

possessed vandalism tools (count 6).[1]  (Pen. Code, §§ 594, subd. (b)(2)(A), 594.2, subd. (a).)  It was specially alleged that the vandalism was committed for the benefit of a criminal street gang within the meaning of Penal Code section 186.22, subdivision (d).

On February 17, 2012, a consolidated jurisdictional hearing commenced.

On February 24, 2012, a third amended petition was filed.  It added allegations that on February 22, 2012, appellant possessed 28.5 grams or less of marijuana (count 7), and carried a concealed dirk or dagger (count 8).  (Health & Saf. Code, 11357, subd. (b); Pen. Code, § 21310.)

The contested jurisdictional hearing concluded on March 23, 2012.  Appellant admitted count 7.  The court sustained counts 3 and 6 and dismissed counts 1, 2 and 5 due to insufficient evidence.  The court stated that it would have sustained count 5 if the victim had been designated as PG&E rather than the City of Merced.  Count 8 was dismissed in the interest of justice.

On April 11, 2012, a dispositional hearing was conducted.  The juvenile court found appellant to be a ward of the court, ordered him to complete 40 hours of juvenile work program and committed him to the Bear Creek Academy short-term home commitment program level three.  He was ordered to comply with various terms and conditions of probation, including the conditions challenged on appeal.

## FACTS

### Count 3

Around 9:45 p.m. on April 24, 2011, Veronica Lara and Harry Barajas returned to their apartment.  They saw three males, who were dressed in black, walk out their apartment's front door.  The males had items concealed under their shirts.  Lara's

---

[1] It also alleged two weapon possession charges that were subsequently dismissed on the motion of the prosecutor.

younger brother lived with them and she recognized that one of the males was a friend of his named "George."  George is appellant's older brother.

Lara and Barajas entered their apartment and discovered that the following items were missing:  a new Xbox console, two Xbox controllers, a laptop computer, a camera, a Sony video recorder, three cellular telephones, two iPods and two tattoo machines.

A few days later, Barajas questioned appellant about the burglary.  Appellant eventually admitted committing the burglary.

Lara identified appellant as one of the burglars in an in-field show-up.  Both Lara and Barajas identified appellant as one of the burglars during the jurisdictional hearing.

Appellant's mother and sister testified that appellant was at his maternal grandmother's house on the evening of April 24, 2011.

## Count 6

On November 14, 2011, Merced Police Officer Ronald Luker questioned appellant concerning a Merced bridge and an electrical box that had been tagged "RBKERS" in the color orange.  Appellant possessed a skateboard that was tagged "RBKERS."  Also, he possessed an orange marker on his person that matched the colors of the tagging on the bridge and the electrical box.

## Count 7

The court stipulated there was a factual basis for appellant's admission to possessing less than 28.5 grams of marijuana.  The factual basis was not stated on the record.  However, the probation report stated that on February 22, 2012, a probation officer searched appellant's person and found less than an ounce of marijuana in appellant's pocket.

### DISCUSSION

**Forfeiture**

The probation report was filed on April 11, 2012.  It recommended imposition of specific probation conditions, including those challenged on appeal.   Appellant did not

object to any of the probation conditions during the dispositional hearing. He signed the order of wardship, which contained the probation conditions.

Citing *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*), appellant argues that his failure to object to the constitutionality of condition Nos. 8, 33 and 43 during the juvenile court proceedings did not result in forfeiture of such claims on appeal. Respondent concedes this point. We agree with the parties that to the extent appellant's challenge to a probation condition "presents an asserted error that is a pure question of law, easily remediable on appeal by modification of the condition," it is cognizable. (*Id.* at p. 888; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

**Applicable Legal Principles**

The state stands in the shoes of the parents when it asserts jurisdiction over a minor. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 909-910.) "In keeping with this role, [Welfare and Institutions Code] section 730, subdivision (b), provides that the court may impose 'any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'" (*Id.* at p. 910.) The juvenile court is granted wide discretion in formulating terms of juvenile probation. (*Sheena K., supra,* 40 Cal.4th at p. 889.) "'"[A] condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.…"'" [Citations.]" (*Ibid.*) "'""Even conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile .…"'" [Citation.]" (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.) A probation condition that requires or forbids noncriminal conduct is valid if the conduct is reasonably related to the crime of which the defendant was convicted or to future criminality. (*Id.* at pp. 52-53.) A probation condition will not be held invalid unless it "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future

5.

criminality ....' [Citation.]" (*People v. Lent* (1975) 15 Cal.3d 481, 486, fn. omitted; *D.G., supra*, at pp. 52-53.)

"Generally, we review the court's imposition of a probation condition for an abuse of discretion. [Citations.] However, we review constitutional challenges to a probation condition de novo. [Citation.]" (*In re Shaun R., supra*, 188 Cal.App.4th at p. 1143.)

**Probation Condition No. 8 is not unconstitutionally overbroad.**

Probation condition No. 8 states that appellant must "[b]e inside [his] home between the hours of 10:00 p.m. and 6:00 a.m., unless accompanied by a parent, and in accordance with any curfew conditions the Probation Officer may direct. *Do not remain away from home overnight without first securing the Probation Officer's permission*." (Italics added.)

Appellant contends that the last sentence of this condition is overbroad and impermissibly restricts his freedom to associate with his own extended family members. Appellant asserts that he should not have to first obtain permission from his probation officer every time he wants to spend the night with his grandmother, who lives a few blocks away from his residence. This argument is not convincing.

A probation condition is overbroad when it substantially limits a person's rights and those limitations are not closely tailored to the purpose of the condition. *(In re White* (1979) 97 Cal.App.3d 141, 148.) The restriction against spending the night away from home without first securing the probation officer's permission is designed to ensure that appellant is consistently supervised by a responsible person during the nighttime hours. He needs such supervision. Appellant committed the burglary (count 3) at approximately 9:45 p.m. Crimes such as burglary and vandalism occur more frequently during late night and early morning hours. The minimal restriction on appellant's overnight association with other people is not unconstitutional. Contrary to appellant's contention, he is not prohibited from visiting with extended family members overnight. There is no restriction on family members' ability to visit appellant at his residence. This probation

condition increases public safety by ensuring appellant is supervised at all times. The condition is narrowly tailored and is reasonably related both to the crimes of which the juvenile was convicted and to prevent future criminality. Probation condition No. 8 falls well within the court's broad discretion to fashion appropriate requirements and is constitutional.

**The knowledge requirement in probation condition No. 33 must be modified.**

Probation condition No. 33 provides:

"Do not wear or possess any item of gang clothing known to be such by you including gang insignia, moniker, or pattern, jewelry with gang significance *nor may you display any gang insignia, marker or other markings of gang significance known to be such by you on your person or property as may be identified by Law Enforcement or Probation Officer.* You will not display any gang signs or gestures known to you to be associated with gangs. Do not associate with any person(s) known to you as being gang member(s). For the purpose of this condition the word 'gang' means a criminal street gang as defined in [P]enal [C]ode section 186.22, subdivisions (e) and (f)." (Italics added.)

Appellant argues the language "as may be identified by Law Enforcement or Probation Officer" is unconstitutionally overbroad because he might not know that an insignia or marker has been identified as gang related by law enforcement or the probation officer. He proposes that this language be stricken from the condition. As will be explained, this quoted language is overbroad because it prohibits appellant from displaying symbols that he does not personally know are gang related and which have not been identified to him as being gang related. The proper remedy is to modify the condition so that it will apply only to insignia and markers that he knows are gang related or have been identified to him as being gang related.

In *People v. Lopez* (1998) 66 Cal.App.4th 615, this court found the language contained in a probation condition prohibiting association with gang members and

7.

wearing of gang-related clothing to be overbroad because it prohibited the defendant from associating with person not known to him to be gang members and from displaying indicia not known to him to be gang related. We modified the condition to include a scienter requirement such that it applied "only to displays of symbols known by Lopez to have a gang connotation." (*Id.* at p. 629.)

"Since *Lopez*, it has become established that a probation condition prohibiting association with a type of person must include knowledge of the person's status." (*People v. Kim* (2011) 193 Cal.App.4th 836, 844.) Also, a knowledge requirement has been extended to probation conditions restricting display of gang signs and insignia. (*Ibid.*) "[A]n express knowledge requirement is reasonable and necessary." (*Id.* at p. 845.) Absent an explicit knowledge requirement, the minor is left "vulnerable to criminal punishment for possessing paraphernalia that he did not know was associated with gangs." (*People v. Leon* (2010) 181 Cal.App.4th 943, 951.)

In several cases, the appellate courts modified probation conditions restricting the wearing of gang-related clothing and display of gang insignia to items that the minor either personally knows to be gang related or that the probation officer has informed the minor are gang related. (*In re Vincent G.* (2008) 162 Cal.App.4th 238, 247-248; *People v. Leon, supra*, 181 Cal.App.4th at p. 954; *In re Shaun R.*, *supra*, 188 Cal.App.4th at p. 1145.) In accord with these authorities, we conclude the challenged portion of probation condition No. 33 must be modified to prohibit display of any gang insignia, marker, or other markings that appellant knows to be gang related or that are identified to appellant as gang related by law enforcement or the probation officer.

**Probation condition No. 43 is not vague or overbroad.**

Probation condition No. 43 provides: "Minor not to be in possession of any *instruments to implement graffiti*, to include but not limited to markers, or spray paint cans." (Italics added.)

Appellant argues the term "instruments to implement graffiti" fails to give adequate notice about what he is prohibited from possessing. Not so. A probation condition will not be held void for vagueness """"if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources."""" (*People v. Lopez, supra*, 66 Cal.App.4th at p. 630.) We agree with respondent that probation condition No. 43 gives adequate notice about the items appellant is prohibited from possessing. The phrase "instruments to implement graffiti" is not impermissibly vague. He may not possess tools that are used to apply graffiti. The nonexclusive list of items set forth as examples of prohibited items gives appellant reasonable notice of the types of items that he is prohibited from possessing.

Appellant also argues this condition is overbroad because it could be interpreted to preclude his possession of an array of items used as study aids or in art and vocational classes. A probation condition is to be interpreted as it would be understood by a reasonable person. (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) Appellant has invited an unreasonable construction of this probation condition. Reasonably read, it does not prohibit possession of highlighter pens or art supplies necessary to complete school work.

**DISPOSITION**

Probation condition No. 33 is modified to read as follows: "Do not wear or possess any item of gang clothing known to be such by you including gang insignia, moniker, or pattern, jewelry with gang significance nor may you display any gang insignia, marker or other markings that you know are gang related or are identified to you as gang related by the probation officer or a law enforcement officer. Do not associate with any person(s) known to you as being gang member(s). For the purpose of this condition the word 'gang' means a criminal street gang as defined in Penal Code section 186.22, subdivisions (e) and (f)." The judgment is affirmed as modified.

9.