Filed 4/24/13  In re Edwin F. CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re EDWIN F., a Person Coming Under the Juvenile Court Law. | B236943 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>EDWIN F.,<br><br>        Defendant and Appellant. | (Los Angeles County<br>Super. Ct. No. JJ18633) |

APPEAL from an order of the Superior Court of Los Angeles County, Steven Klaif, Juvenile Court Referee.  Affirmed as modified.

Bruce G. Finebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Edwin F. appeals from the juvenile court's order declaring him a ward of the court after finding he obstructed a peace officer in the performance of duties. (Pen. Code, § 148, subd. (a)(1)).[1] The court declared the offense a misdemeanor and ordered Edwin home on probation for six months. Edwin contends the evidence is insufficient to support the finding, and the imposition of two probation conditions was an abuse of discretion.[2] We affirm the disposition order as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Delinquency Petition*

The People filed a Welfare and Institutions Code section 602 petition alleging Edwin, then 17 years old, committed one count of obstructing a peace officer in the performance of duties on November 14, 2010. Edwin, represented by appointed counsel, denied the allegation.

### 2. *The Jurisdiction Hearing*

The facts are not in dispute. South Gate Police Department Officer John Affeld testified that at around midnight on November 14, 2010, he and his partner officer were dispatched to investigate a citizen's complaint of gang members vandalizing parked cars. The two uniformed officers responded in their marked patrol car to a house on Hunt Avenue, a South Side 13 gang stronghold.

---

[1] Statutory references are to the Penal Code, unless otherwise indicated.

[2] Pursuant to *People v. Mooc* (2001) 26 Cal.4th 1216, Edwin has requested we examine the transcript of the in camera hearing conducted by the trial court and the documents it reviewed after the court determined Edwin had demonstrated good cause to discover information in the personnel and administrative records of the arresting officer, John Affeld of the South Gate Police Department, pertaining to allegations of excessive force, moral turpitude and fabrication. (See Evid. Code, §§ 1043, 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.) We have reviewed the sealed record of the proceedings, and conclude the trial court satisfied the minimum requirements in determining there was no discoverable information; no abuse of discretion occurred. (*Mooc*, at p. 1229.)

Upon arriving at the house, the officers saw Ulysses Plata, a South Side 13 gang member, standing in the street, holding an open can of beer.  When Affeld shined a spotlight on Plata, he fled towards the house, and the officers gave chase.  Affeld yelled at Plata to stop as Plata ran down the driveway, pushed open a gate and entered the backyard.  Just as Affeld arrived at the gate, Edwin emerged from the house and stood between Affeld and Plata.  From prior encounters, Affeld recognized Edwin as an admitted South Side 13 gang member.

Edwin told Affeld to get out of his yard, insisting the officer had no business being there.  More than once, Edwin said to Affeld, "What the fuck are you doing on my property?"  Edwin then advanced on Affeld, who had his gun drawn, and failed to comply with the officer's repeated order to raise his hands.  As Edwin continued to advance on Affeld, Plata ran into the house.  When Edwin was close enough to grab, Affeld holstered his weapon and placed Edwin in a wrist lock hold, while his partner was detaining at least two other South Side 13 gang members and calling for additional officers.

Edwin neither testified nor presented other evidence in his defense.

Following argument by counsel, the juvenile court determined the evidence established beyond a reasonable doubt that Edwin had committed the crime of obstructing a peace officer in the performance of duties in violation of section 148, subdivision (a)(1) and sustained the petition.

3. *The Disposition Hearing*

The juvenile court declared Edwin a ward of the court and placed him home on probation under certain terms and conditions.

**DISCUSSION**

1. *Substantial Evidence Supports the Juvenile Court's Finding Edwin Violated Section 148, subdivision (a)(1).*

   a. *Standard of review*

"The same standard of appellate review is applicable in considering the sufficiency of the evidence in a juvenile proceeding as in reviewing the sufficiency of the evidence to support a criminal conviction." (*In re Sylvester C.* (2006) 137 Cal.App.4th 601, 605; *In re Michael M.* (2001) 86 Cal.App.4th 718, 726.) In either case, "we review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.] 'Conflicts and even testimony [that] is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. [Citation.] We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. [Citation.]' [Citation.] A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.)

   b. *There is sufficient evidence Edwin obstructed Officer Affeld in the performance of his duties.*

A defendant violates section 148, subdivision (a)(1) if "(1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the

4

performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties." (*Yount v. City of Sacramento* (2008) 43 Cal.4th 885, 894-895, citing *In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1329 (*Muhammed C.*).) The offense is a general intent crime; there is no requirement the defendant acted with a particular intent. (*Muhammed C., supra,* 95 Cal.App.4th at pp. 1329-1330.)

Edwin contends the first element cannot be met because he merely exercised his First Amendment protected right to inquire why a police officer was on his property. We disagree.

It is true "the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." (*Houston v. Hill* (1987) 482 U.S. 451, 461 [107 S.Ct. 2502, 96 L.Ed.2d 398].) Accordingly, section 148 must be applied with great caution as to a suspect's speech. (*Id.* at p. 461.) In *People v. Quiroga* (1993) 16 Cal.App.4th 961, 966 (*Quiroga*), which Edwin urges is dispositive here, the defendant was inside an apartment when an officer entered without a warrant. The defendant demanded the officer leave and refused for a time to follow the officer's directives to sit down on a couch and to remove his hands from his pockets. *(Id.* at p. 964.) The *Quiroga* court concluded the brief period in which the defendant had defied the officer was not enough to violate section 148, subdivision (a)(1), because the statute does not criminalize "a person's failure to respond with alacrity to police orders," and the defendant's verbal criticisms of the police were protected by the First Amendment. (*Id.* at p. 966.)

Edwin's reliance on *Quiroga* is misplaced because he did not simply fail to respond with alacrity to Officer Affeld's lawful commands while engaging in protected speech. Instead, Edwin engaged in a "combination of verbal and physical interference with an officer's performance of his duties" that has been found to violate section 148, subdivision (a)(1). (*Quiroga, supra*, 16 Cal.App.4th at p. 967.) After physically impeding Affeld's pursuit of Plata, Edwin verbally confronted and then charged Affeld, ignoring the officer's repeated command to raise his hands. Unlike the defendant in

5

*Quiroga*, who eventually complied with police orders, Edwin never complied and reacted belligerently to the point of having to be physically restrained by the officer. In the meantime, Plata escaped into the house.

Although Edwin relies heavily on *Quiroga*, we find instructive *Muhammed C., supra,* 95 Cal.App.4th 1325, in which officers arrested a suspect and placed him in the back of a patrol car. While the officers were across the street processing the suspect's vehicle, the minor approached the patrol car and spoke to the suspect. The officers ordered the minor to step away from the vehicle at least three different times. The minor continued to talk to the suspect and at one point raised "his palm towards the officers." (*Id.* at p. 1328.) One of the officers then grabbed the minor's arm and told him he was under arrest. On appeal, the minor argued his benign hand gesture and his failure to step away from the vehicle as ordered "did not rise to the level of delaying an officer. . . ." (*Id.* at p. 1329.) The appellate court disagreed, concluding there was sufficient evidence to support a violation of section 148, subdivision (a)(1) because the juvenile court "was entitled to interpret the gesture as one of defiance" and to conclude the minor's defiant behavior "constituted more than a temporary distraction." (*Muhammed C.,* at p. 1330.)

In sum, there was substantial evidence that Edwin's defiant behavior, which was primarily aggressive conduct, obstructed Officer Affeld in performing his duties within the meaning of the statute. The juvenile court's finding Edwin violated section 148, subdivision (a)(1) was not based solely on protected speech or a mere verbal challenge to Affeld's presence.

2. *The Contested Probation Conditions Were Improperly Imposed*

Among the probation conditions imposed by the juvenile court were that Edwin "not to be within one block of any school ground unless enrolled, attending school classes, or with a school official, parent or guardian;" and that Edwin "grow [his] hair." With respect to the latter probation condition, the court stated, "If you're not a member of a gang, then it wouldn't present any problems for you to grow your hair, I'm sure."

Edwin seeks to have them stricken. (Relying on *People v. Lent* (1975) 15 Cal.3d 481.) He further argues the conditions are unconstitutionally overbroad and vague on their face, and the school ground condition unnecessarily restricts his constitutional right to travel.

### a. General legal principles

"'The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents' (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941), thereby occupying a 'unique role . . . in caring for the minor's well-being.' (*In re Laylah K.* (1991) 229 Cal.App.3d 1496, 1500.) In keeping with this role, [Welfare and Institutions Code] section 730, subdivision (b), provides that the court may impose 'any and all reasonable [probation] conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' [¶] The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults. '[E]ven where there is an invasion of protected freedoms "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults . . . ."' (*Ginsberg v. New York* (1968) 390 U.S. 629, 638 [88 S.Ct. 1274].) This is because juveniles are deemed to be 'more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' (*Antonio R., supra*, 78 Cal.App.4th at p. 941.) Thus, "''a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.'''" (*In re Sheena K.* [(2007)] 40 Cal.4th 875, 889; see also *In re R.V.* (2009) 171 Cal.App.4th 239, 247; *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242-1243 [rule derives from court's role as parens patriae].)" (*In re Victor L.* (2010) 182 Cal.App.4th 902, 909-910.)

Nonetheless, "the juvenile court's discretion in formulating probation conditions is not unlimited." (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.) Under the void for vagueness doctrine, based on the due process concept of fair warning, an order "'must be sufficiently precise for the probationer to know what is required of him, and for the court

7

to determine whether the condition has been violated.'" (*In re Sheena K., supra*, 40 Cal.4th at p. 890.)  The doctrine invalidates a condition of probation "'"so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application."'"  (*In re Victor L., supra,*182 Cal.App.4th at pp. 909-910.)

"In addition, the overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.  (*In re Sheena K., supra*, 40 Cal.4th at p. 890; *In re Luis F.* (2009) 177 Cal.App.4th 176, 189.)"  (*In re Victor L., supra,* 182 Cal.App.4th at pp. 910-911.)

"[J]uvenile probation conditions must be judged by the same three-part standard applied to adult probations under [*People v.*] *Lent* [(1975)] 15 Cal.3d 481:  'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . ." [Citation.]  Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.  [Citations.]" (*In re D.G., supra*, 187 Cal.App.4th at p. 52-53.)  Additionally, juvenile probation conditions are permissible only if '"""tailored specifically to meet the needs of the juvenile."""' [Citation.]"  *In re* (*D.G., supra,* 187 Cal.App.4th at p. 53, quoting *In re Tyrell J.* (1994) 8 Cal.4th 68, 82, overruled on other grounds in *In re Jaime P.* (2006) 40 Cal.4th 128, 139.)

> b. *The probation condition that Edwin "not to be within one block of any school ground unless enrolled, attending school classes, or with a school official, parent or guardian" is invalid.*

Because Edwin failed to object to this probation condition in juvenile court, the People maintain he forfeited any challenge to its validity.  (*In re Sheena K., supra,* 40 Cal.4th at pp. 881-882, 885; *In re Justin S.* (2001) 93 Cal.App.4th 811, 814.)  However, to the extent Edwin's constitutional challenges to this condition raise pure questions of

8

law, which can be addressed without reference to the record, they are not subject to forfeiture. (*Id.* at p. 887; see *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153, fn. 1 [a minor's failure to object at hearing to probation condition keeping him away from courthouses "not fatal" because issue presented "facial challenge raising pure question of law."].)

This probation condition forbids conduct which is not criminal–being within a block of a school–and impinges on Edwin's right to travel. A similar condition, which prohibit a minor from being within 150 feet of any school campus, was struck down where the appellate court found "no relationship between school or students and [the minor's] current or past crimes" as "[n]one were committed on school grounds; none involved school-age children; and none involved uniquely juvenile conduct." (*In re D.G., supra*, 187 Cal.App.4th at p. 53.) Moreover, as there was "nothing in [the minor's] past or current offenses or his personal history that demonstrates a predisposition to commit crimes near school grounds or upon students, or leads to a specific expectation he might commit such crimes," there was "no reason to believe the current restriction will serve the rehabilitative function of precluding [him] from any future criminal acts." (*Ibid.*)

Also pertinent is the holding in the case of *In re E.O., supra*, 188 Cal.App.4th 1149, where the appellate court struck down a probation condition forbidding a minor from being within 25 feet of any courthouse without a legitimate purpose if he knew proceedings involving gang members were occurring inside. Invalidating the condition as overbroad, the court noted that "[the minor] could violate the condition if a car or bus in which he is a passenger passes by such a building." (*Id.* at p. 1155, italics omitted; see also *People v. Perez* (2009) 176 Cal.App.4th 380, 386, quoting *Oyoghok v. Municipality of Anchorage* (Alaska Ct. App. 1982) 641 P.2d 1267, 1270, fn. 4 [striking similar provision and noting that even where restrictions have the requisite nexus to the case, "'provision should be made to allow for lawful travel through the area[s] of restriction . . . .'"].)

9

The record here establishes that Edwin's crime took place outside a house, involved an adult victim, and had no relation to his age or to the age of his companions on the property. In other words, there is no evidence the crime had any connection to school grounds or to school-age children. Moreover, the condition imposed could be accidentally violated should Edwin's ordinary travels take him to a location within a block of any school campus. Accordingly, it represents an overbroad restriction on otherwise lawful activity.

Although the People assert that Edwin's probation report showed he is an admitted gang member and has a history of ingesting marijuana and alcohol, none of these behaviors is related to Edwin's distance from school grounds. The probation condition was unrelated to those factors, or to the crime at issue.[3]

*c. The probation condition that Edwin grow his hair is invalid.*

Edwin objected to the juvenile court's order that he grow his hair as a condition of probation.

A juvenile court is empowered to impose reasonable standards regarding hair, dress, and clothing in a custodial setting (prison or camp community placement) to ensure a safe and hygienic environment. (See e.g. *Henderson v. Terhume* (9th Cir. 2004) 379 F.3d 709, 714-715 [hair-length regulation in California state prison serves legitimate penological interests in preventing inmates from concealing weapons and contraband in their hair and maintains safe and hygienic living conditions]; *In re Eddie M*. (2003) 31 Cal.4th 480, 492-493 [minor found to have violated Welf. & Inst. Code, § 777, in part,

---

3    Although Edwin has a prior adjudication for possession of a knife on school grounds when he was 13 years old, for which he was expelled, the modified probation condition suggested by the People–that Edwin not be *on* any school ground unless enrolled, attending school classes, or with a school official, parent or guardian–would not cover this offense. As an additional condition of probation, Edwin was ordered to obey all laws, which would include refraining from bringing or possessing a dirk or dagger on school grounds (§ 626.10) and from possessing a concealed dirk or dagger (§ 21310.)

for refusing to exchange dirty sweatshirt for a clean one in camp community placement].) However, we have found no cases, and the People cite none, approving the imposition of a probation condition that a defendant is to grow his or her hair.

In the circumstances of this case, we find this probation condition is fatally defective. It is impermissibly vague, in that the juvenile court failed to indicate how long Edwin was to grow his hair and the time frame in which he was to grow it to comply with the probation condition. This failure leaves the condition susceptible of arbitrary or discriminatory enforcement and overbroad application because Edwin has to guess what the juvenile court envisioned in imposing this condition. (*In re Victor L.*, *supra*, 182 Cal.App.4th at pp. 909-910 ["By failing to clearly define the prohibited conduct, a vague condition of probation allows law enforcement and the courts to apply the restriction on an ""'ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.' [Citation.]"'].) The lack of a reasonable degree of certainty violates due process. (See *Lanzetta v. New Jersey* (1939) 306 U.S. 451, 458 [83 L. Ed. 888, 893].)

The juvenile court apparently viewed Edwin's hair style as a proxy for gang membership, telling Edwin, "If you're not a member of a gang, then it wouldn't present any problem for you to grow your hair. I'm sure." However, nothing in this record suggests a nexus between the length of Edwin's hair and his involvement in past, present or future criminal activities–whether or not they are gang related. Not only does the probation condition impinge on Edwin's constitutional rights, but it is not reasonably tailored to promote a compelling state interest of rehabilitation. (See *In re Sheena K.,* *supra,* 40 Cal.4th at p. 890.)

11

## DISPOSITION

The disposition order is amended to strike the probation conditions that Edwin "not to be within one block of any school ground unless enrolled, attending school classes, or with a school official, parent or guardian" and "grow his hair."  As modified the order is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.