187 Cal.App.4th 47 (2010)
In re D.G., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
D.G., Defendant and Appellant.
No. A126655.
Court of Appeals of California, First District, Division One.
July 30, 2010.
*50 Eileen M. Rice, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
MARGULIES, J.
Appellant D.G., a ward of the court, was placed on juvenile probation after he and another person were seen burglarizing a home. Neither appellant's current burglary nor his past offenses were committed near a school or involved classmates or other juveniles. Yet in imposing probation, the juvenile court included a condition prohibiting appellant from coming within 150 feet of any school campus other than the school he is attending. Appellant contends the imposition of this condition was an abuse of the court's discretion because it is unrelated to his current or past offenses or to his possible future criminality and is vague and overbroad, thereby improperly burdening his constitutional right to travel.
We conclude the condition as drawn was unreasonable because it is not related to appellant's offenses and does not prohibit otherwise criminal conduct and because there is no evidence in the record to suggest the condition will serve a rehabilitative purpose by preventing his future criminality. We narrow the condition consistent with state law that prohibits persons from visiting school grounds without notifying school authorities and affirm the court's dispositional order as so modified.

I. BACKGROUND
On August 26, 2009, the Alameda County District Attorney filed a wardship petition under Welfare and Institutions Code section 602, subdivision (a), alleging appellant committed first degree burglary (Pen. Code, § 459) and received stolen property (Pen. Code, § 496). The evidence at trial demonstrated that appellant and another person forced open the back door of *51 an Oakland home while the residents were away.[1] The two later emerged with a camera and a safe, ran away as police arrived, and eventually were found hiding nearby.
The juvenile court found the allegations of the wardship petition to be true. The probation department's dispositional report recommended appellant, who had already been declared a ward of the court as a result of earlier offenses, be placed under probation, subject to several conditions. One of the recommended conditions would prohibit appellant from being "on any campus or within 200 feet of any campus other than the school in which [he is] currently enrolled." At the dispositional hearing, appellant's counsel did not oppose the imposition of probation, but he noted, "I don't see the nexus for the campus clause." Responding, the prosecutor argued, "I would definitely think a campus clause is appropriate. If he's not enrolled in a school, he has no business being there." The juvenile court imposed probation, with the condition, among others, "Do not be on any campus or within 150 feet of any campus other than the school in which you are currently enrolled."
As noted, this was not appellant's first contact with the juvenile justice system. In a Welfare and Institutions Code section 602 petition filed five months earlier, appellant was alleged to have committed two drug-related offenses. According to the police report of the incident, appellant was arrested after having sold marijuana to an undercover police officer from a car located in the 2600 block of East 27th Street in Oakland. That petition was amended two weeks later to add allegations of auto burglary after appellant broke the window of a van parked in the 2500 block of 23rd Avenue in Oakland and was caught attempting to remove the vehicle's stereo. According to the dispositional report for the current incident, appellant had "a total of five referrals to the probation department" since the age of 11, but no details were provided other than that he once "trespassed into an apartment complex and kicked in a door."

II. DISCUSSION
Appellant contends the imposition of the school campus probation condition was an abuse of the juvenile court's discretion both because it was unreasonable under People v. Lent (1975) 15 Cal.3d 481 [124 Cal.Rptr. 905, 541 P.2d 545] (Lent), superseded on another ground by Proposition 8 as stated in People v. Wheeler (1992) 4 Cal.4th 284, 290-295 [14 Cal.Rptr.2d 418, 841 P.2d 938], and because it represented an unconstitutional infringement on his right to travel.
*52 (1) Under Welfare and Institutions Code section 730, subdivision (b), the juvenile court, in placing a ward on probation, "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (See In re Sheena K. (2007) 40 Cal.4th 875, 889 [55 Cal.Rptr.3d 716, 153 P.3d 282].) Consistent with this mandate, the juvenile court is recognized as having "`broad discretion in formulating conditions of probation'" (In re Tyrell J. (1994) 8 Cal.4th 68, 81 [32 Cal.Rptr.2d 33, 876 P.2d 519] (Tyrell J.), overruled on other grounds in In re Jaime P. (2006) 40 Cal.4th 128, 139 [51 Cal.Rptr.3d 430, 146 P.3d 965]), and the juvenile court's imposition of any particular probation condition is reviewed for abuse of discretion (In re Walter P. (2009) 170 Cal.App.4th 95, 100 [87 Cal.Rptr.3d 668]).
While adult criminal courts are also said to have "broad discretion" in formulating conditions of probation (People v. Carbajal (1995) 10 Cal.4th 1114, 1120 [43 Cal.Rptr.2d 681, 899 P.2d 67]), the legal standards governing the two types of conditions are not identical. Because wards are thought to be more in need of guidance and supervision than adults and have more circumscribed constitutional rights, and because the juvenile court stands in the shoes of a parent when it asserts jurisdiction over a minor, juvenile conditions "may be broader than those pertaining to adult offenders." (In re Antonio R. (2000) 78 Cal.App.4th 937, 941 [93 Cal.Rptr.2d 212].) In Tyrell J., the Supreme Court explained another aspect of the difference: "Although the goal of both types of probation is the rehabilitation of the offender, `[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation.' [Citation.] ... [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. [Citations.] `"Even conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile ...."'" (Tyrell J., supra, 8 Cal.4th at pp. 81-82.)
(2) While broader than that of an adult criminal court, the juvenile court's discretion in formulating probation conditions is not unlimited. (In re Walter P., supra, 170 Cal.App.4th at p. 100.) Despite the differences between the two types of probation, it is consistently held that juvenile probation conditions must be judged by the same three-part standard applied to adult probation conditions under Lent, supra, 15 Cal.3d 481: "A condition of probation will not be held invalid unless it `(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ....' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is *53 valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (Id. at p. 486, fn. omitted; see, e.g., In re Luis F. (2009) 177 Cal.App.4th 176, 188 [99 Cal.Rptr.3d 174]; Alex O. v. Superior Court (2009) 174 Cal.App.4th 1176, 1180 [95 Cal.Rptr.3d 438]; In re G.V. (2008) 167 Cal.App.4th 1244, 1250 [84 Cal.Rptr.3d 809]; In re Antonio C. (2000) 83 Cal.App.4th 1029, 1034 [100 Cal.Rptr.2d 218] [all holding the Lent factors are applicable in evaluating juvenile probation conditions].) Further, as noted above, the Supreme Court instructed in Tyrell J. that while the juvenile court may impose a wider range of probation conditions, those conditions are permissible only if "`"tailored specifically to meet the needs of the juvenile."'" (Tyrell J., supra, 8 Cal.4th at p. 82.)
(3) Applying the standards of Lent, we find no reasonable basis for the juvenile court's condition prohibiting appellant from coming within 150 feet of any school other than the one he is attending. First, there is no relationship between school or students and appellant's current or past crimes. None were committed on school grounds; none involved school-age children; and none involved uniquely juvenile conduct. Nor does this condition relate to conduct that is itself criminal. It is not illegal for persons to pass within 150 feet of school grounds, and while, as discussed below, there are statutes regulating nonstudent presence on school grounds, none of these statutes bans persons from school grounds altogether, as the probation condition does. Finally, there is no reason to conclude this restriction is related to appellant's possible future criminality. Because there is nothing in his past or current offenses or his personal history that demonstrates a predisposition to commit crimes near school grounds or upon students, or leads to a specific expectation he might commit such crimes, there is no reason to believe the current restriction will serve the rehabilitative function of precluding appellant from any future criminal acts.
A parallel case is In re Daniel R. (2006) 144 Cal.App.4th 1 [50 Cal.Rptr.3d 179], in which the minor, a San Diego resident, had committed several acts of theft, all in the United States. (Id. at pp. 3-4.) The juvenile court imposed a probation condition prohibiting the minor from traveling into Mexico "`under any circumstances,'" on the theory the minor "`seemed to be entrenched in his ways as a thief'" and "`would be in danger in Mexico [because] he might steal something there and end up in custody in Mexico.'" (Id. at p. 5.) The Court of Appeal found the condition to be an abuse of discretion because, in essence, it failed the Lent test. As the court explained, "Here, because the condition barring Daniel from travel to Mexico does not forbid conduct which is itself criminal, in order to pass scrutiny, it must be either reasonably related to Daniel's crime ... or to his future criminality. An examination of Daniel's criminal record and his social history shows the probation condition banning travel to Mexico is not related to any of his theft crimes. The question then becomes whether it is reasonably related to *54 Daniel's rehabilitation. The People argue ... the court here had a legitimate concern that Daniel, who had a history of defying his parents' rules by running away and taking the trolley, would leave its jurisdiction and travel by trolley to Mexico, getting into trouble there. [¶] The problems with the People's arguments, however, are that ... [n]o evidence was before the court, in either the criminal or social histories, that Daniel had ever committed any crimes in Mexico, had any gang ties in Mexico, or had engaged in any questionable or criminal conduct in Mexico. Nor was there any evidence that he had ever run away to Mexico after disobeying his parents, or that he had in fact ever traveled to Mexico with or without his parents or on the trolley. Thus, ... Daniel has absolutely no known criminal ties or history of criminal conduct in the place where travel is being restricted for so-called rehabilitative purposes." (In re Daniel R., at pp. 7-8, fn. omitted.) In the same way, appellant's crimes were unrelated to schools, and there was no evidence in the record to suggest that a ban on passing near schools will have a rehabilitative effect by preventing appellant from committing any particular crimes in the future.[2]
At the dispositional hearing, the prosecutor justified imposition of the condition with the argument, "If he's not enrolled in a school, he has no business being there." Even assuming such an argument would have justified a ban on appellant's presence on school grounds, it did not justify the condition actually imposed by the juvenile court, which banned appellant from coming within 150 feet of school campuses. Contrary to the prosecutor's argument, there are many legitimate reasons, other than enrollment, for appellant to come within 150 feet of school grounds. As examples, he might pass by a school on the street while traveling somewhere else, have friends or family living within the 150-foot zone, or want to shop within the zone.
(4) The Attorney General does not repeat the prosecutor's argument. Instead, he first argues the scope of the probation condition is actually narrower than stated above. In the record is a copy of Judicial Council Forms, form JV-624, which sets out terms and conditions for juvenile probation, executed by appellant the same day as the court's dispositional order. There is no explanation in the record of the origin of the form. Contrary to the terms of the probation condition imposed by the court in the written dispositional order, the similar condition in form JV-624 precludes a ward from "be[ing] on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the prior permission of school authorities." The Attorney General argues the form should be used *55 as the measure of the scope of the probation condition. He cites no authority, however, suggesting that a ward's execution of a judicial council form, even at the behest of the probation department, can supplant an express probation condition contained in a dispositional order. On the contrary, the probation department has no power unilaterally to modify a probation condition imposed by the court, unless granted that discretion by the court. Regardless of any subsequent documentation by the probation department, a probation condition imposed by the court remains in effect unless modified by the court. As such, the condition must be judged by the terms stated in the court's order.
(5) The Attorney General concedes appellant's crimes are unrelated to schools, but he argues the condition satisfies the two other branches of the Lent test: that the condition either prohibit conduct that is itself criminal or related to future criminality. As mentioned above, state statute regulates the presence on school grounds of persons who are neither students, parents, nor school officials. It is a misdemeanor for such "outsiders" to be on school grounds unless they have first registered with the school principal. (Pen. Code, §§ 627.1, subd. (a), 627.2, 627.7.)[3] Accordingly, the Attorney General argues, appellant's probation condition regulates conduct that "can be criminal" and is therefore permissible under Lent.
The argument has two deficiencies. First, as discussed above, the condition goes further than to bar appellant's presence from school grounds. It bans him from the public vicinity of school grounds as well. Because Penal Code section 627.2 reaches only "the buildings and grounds of the public school" (§ 627.1, subd. (b)), not their surroundings, much of the conduct prohibited by the condition is not criminal, even under the Attorney General's theory. Second, the second part of the Lent test is not satisfied merely because a condition precludes conduct that can occur in a manner that is illegal. Rather, it is satisfied only by a condition that precludes conduct that is "itself" criminal. (Lent, supra, 15 Cal.3d at p. 486.) Under the Attorney General's theory, a condition precluding appellant from driving a vehicle could be justified as addressing criminal conduct because it is possible to speed and drive recklessly. The challenged probation condition does not address conduct that is itself criminal because appellant can lawfully enter on school grounds so long as he complies with the registration statute.
*56 The Attorney General also argues the condition is related to future criminality because appellant has a history of drug and alcohol use and has sold marijuana, conduct that "is of greater seriousness when children are involved.... It was reasonable to keep appellant, who turned 18 years of age shortly before disposition, from easy access to school children where he could, as a chronological peer, unfavorably influence them to use or purchase drugs." As discussed above, there is no evidence to support the conclusion appellant presents a special danger to students. In the absence of such evidence, the argument proves too much. It is possible, of course, to speculate about any number of crimes appellant might commit involving not just children, but other vulnerable persons, and to formulate conditions that would keep him from easy access to such persons. Because he has shown no propensity for committing such crimes against such persons, however, there is no reason to believe the conditions would actually prevent appellant from committing any future crimes.
(6) Further, the Attorney General's theory could be used to justify the imposition of this condition indiscriminately on every juvenile probationer. All criminal offenses are of "greater seriousness when children are involved," and any juvenile offender could conceivably influence other children to commit offenses. Nonetheless, the Supreme Court requires that juvenile probation conditions be "`"tailored specifically to meet the needs of the juvenile."'" (Tyrell J., supra, 8 Cal.4th at p. 82.) Of necessity, a probation condition that can be justified only on grounds that can be applied equally to every juvenile probationer is hardly tailored to the needs of appellant.[4]
For the reasons stated above, we find no grounds to support the challenged probation condition.[5] Nonetheless, we recognize the concern of the juvenile court and the Attorney General that appellant's access to students be restricted to the extent permissible. A probation condition generally consistent with Penal Code section 627.2 would ensure that he does not frequent school grounds without the knowledge of the relevant authorities and, presumably, without having a good reason for his presence. This is the approach of Judicial Council Forms, form JV-624, which the probation department appeared ready to enforce and the Attorney General was prepared to defend. Because such a condition would be justifiable under Lent as proscribing otherwise criminal conduct, we will modify the condition accordingly.[6]

*57 III. DISPOSITION
The dispositional order's probation condition precluding appellant from coming within 150 feet of the campus of a school in which he is not enrolled is modified to read as follows: "Do not enter on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities."
Banke, J., concurred.
MARCHIANO, P.J., Concurring.
I concur in the result because there is nothing in the record to explain why the juvenile court judge imposed a 150-foot stay-away distance from school campuses. If the record in some way indicated why the judge imposed the condition, the result of this review would have been different.
In 2009, 17-year-old D.G., a ward of the court with many prior referrals to the probation department, was under supervised probation for sale of marijuana in December 2008. He had been in the company of a probationer and a parolee at the time of his arrest for the marijuana sale. On July 29, 2009, he and his mother agreed to terms and conditions of probation that included that he not be on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the prior permission of school authorities. Juvenile Court Judge Dennis W. Hayashi imposed the terms of probation.
While on probation, he earned an eighth referral to the Alameda County Probation Department for a daytime burglary in August of 2009. Defendant breached a security gate, pried off a deadbolt, and kicked open the back door. Again, Judge Hayashi presided over the proceeding. Defendant's mother reported that he hangs out with friends that she disapproves of and doesn't trust to make the right decisions. To restrict defendant and allow him to stay at home with his mother who has substance abuse problems, D.G. was ordered to attend school regularly and not leave his school campus during school hours. He had a history of irregular attendance at a special school. He and his mother signed a probation condition form that ordered him to be home by 10:00 p.m. every day, not to be away overnight, not to leave Alameda County without prior permission, and again not to be on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian, or authorized by prior permission. However, the court included the *58 condition that defendant was not to frequent any campus or be within 150 feet of any campus other than the school in which he is currently enrolled. Defendant's counsel objected to the condition.
A condition of probation is not invalid unless it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. (In re R.V. (2009) 171 Cal.App.4th 239, 246 [89 Cal.Rptr.3d 702].) All three factors must be present to invalidate a condition of probation. Juvenile conditions may be broader than those pertaining to adult offenders because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. (Id. at p. 246.) A juvenile court can impose any reasonable condition that it determines fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced. (Welf. & Inst. Code, § 730, subd. (b).)
The court has the power to restrict defendant's activities, especially with his record of absence from school, the nature of his crimes, and a mother who needs support in providing parental discipline and guidance for a defendant with escalating criminal behavior. Defendant is restricted to Alameda County with a strict curfew and an order not to leave his own school campus. The additional requirement to stay away from unauthorized campuses supplements the other restrictions. The 150-foot order, if it were justified by the record, may provide a reasonable tool to the court to encourage good behavior and protect the school community from unwanted outsiders where learning unimpeded by outside influences is the goal. But there is nothing in the record to explain why the distance of 150 feet was imposed. The order on its face prohibits potentially lawful conduct at the same time that it tries to address unlawful conduct.
Defendant must obey all laws including those that deal directly with schools troubled by outsiders. Penal Code section 627 describes the problems confronting schools like those in Alameda County. The Legislature made specific findings in Penal Code section 627 that a disproportionate share of crimes are committed on school grounds by persons who are not students at the school and who are not authorized to be on school grounds. To promote the safety and security of teachers, students, and to safeguard school property, the Legislature restricted access and imposed penal consequences for unauthorized persons. Persons without lawful business at a school while present on the street, sidewalk, or adjacent public way and whose presence interferes with the conduct of school activities or disrupts the pupils are guilty of a crime under Penal Code section 626.8. Outsiders who have legitimate business with a school must register with the principal or designee or be *59 subject to criminal sanctions (Pen. Code, § 627.2). Loitering about any school can be a crime under Penal Code section 653b. Defendant must conform to these statutes.
I note, too, the court used the approved Judicial Council Forms, form JV-624, that includes a printed condition of probation that defendant not be on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult or authorized by prior permission of school authorities. The condition appears on the form in recognition of the recurring problem of unenrolled juveniles potentially creating problems by their presence by schools. But the form does not suggest a distance requirement. Any distance requirement needs justification from the record.
An Alameda County Juvenile Court judge deals with the daily challenges, problems, and practicalities that confront the juvenile probation department, schools and the Alameda County community and is in the best position to tailor probation requirements to fit the needs of the defendant and the community. This court is not blind to the many problems confronting the Alameda County school system. I would support the 150-foot requirement where the record adequately explained why it was imposed.
NOTES
[1] Other than his name, we found no information about appellant's companion in the record.
[2] Although this probation condition appears to be fairly common, we have found no other reported decision addressing its imposition. A similar probation condition was imposed on the juvenile in In re Vincent G. (2008) 162 Cal.App.4th 238, 241-242, footnote 2 [75 Cal.Rptr.3d 526], but the juvenile did not challenge the condition.
[3] Penal Code section 627.2 states: "No outsider shall enter or remain on school grounds during school hours without having registered with the principal or designee, except to proceed expeditiously to the office of the principal or designee for the purpose of registering. If signs posted in accordance with Section 627.6 restrict the entrance or route that outsiders may use to reach the office of the principal or designee, an outsider shall comply with such signs." Section 627.1, subdivision (a) defines an "outsider" as, generally, a person who is not a school student or parent of a student, a school employee, or a school or public official.
[4] Further, the condition does little to accomplish the Attorney General's purpose. Before and after school, when children are most susceptible to outside influences, they are readily found in places the probation condition does not reach.
[5] Because we reach this conclusion under Lent, it is unnecessary for us to reach appellant's constitutional arguments.
[6] In making the modification, we have adapted the language of Judicial Council Forms, form JV-624. The condition is slightly less restrictive than Penal Code section 627.2, in that it permits appellant to be present on school grounds while in the presence of an adult without expressly requiring registration. Because the condition does not exempt appellant from compliance with the law, however, he will be required to comply with section 627.2 by registering, as will any accompanying adult, should he enter a public school campus.