Filed 4/29/13  In re J.M. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | E056268 |
| Plaintiff and Respondent, | (Super.Ct.No. J235484*) |
| v. | OPINION |
| J.M., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Brian Saunders, Judge.  Affirmed as modified.

Sarita Ordonez, under appointment by the Court of Appeal, for Defendant and Appellant.

---

\*  On transfer for disposition from the Superior Court of Riverside County.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant J.M. (minor) was originally declared a ward of the court in 2010, after a juvenile court found true the allegation that he committed a battery with serious bodily injury. (Pen. Code, § 243, subd. (d).) He was continued a ward after the court sustained several subsequent Welfare and Institutions Code[1] section 602 petitions. On April 3, 2012, a fifth subsequent petition was filed, alleging that minor had committed two counts of felony vandalism (Pen. Code, § 594, subd. (b)(1)), and 12 counts of misdemeanor vandalism (Pen. Code, § 594, subd. (b)(2)(A)). Minor admitted the two counts of felony vandalism and five of the misdemeanor counts. The remaining counts were dismissed. Minor and his mother moved to San Bernardino, so the case was transferred there for disposition. The San Bernardino County Juvenile Court accepted the transfer and continued minor as a ward in the custody of his mother, on specified probation terms. Counsel objected to two of the terms (Nos. 8 and 22). The court struck term No. 8, but continued term No. 22.

On appeal, minor contends that the court abused its discretion in imposing probation condition No. 22, which prohibits him from being on any school campus or within a one-block radius of a school unless he is enrolled there or has prior permission. Minor argues that this probation condition is unrelated to his offenses, is not reasonably

---

[1] All further statutory references will be to the Welfare and Institutions Code, unless otherwise noted.

2

related to future criminality, and infringes on his constitutional rights to association, travel, and liberty. We conclude the probation condition as drawn was unreasonable and thus modify the condition. As modified, the judgment is affirmed.

PROCEDURAL BACKGROUND

On October 19, 2010, the San Bernardino County District Attorney's Office filed a section 602 petition, alleging that minor committed attempted second degree robbery (Pen. Code, §§ 664/211, count 1) and battery with serious bodily injury (Pen. Code, § 243, subd. (d), count 2). Count 1 was later dismissed, and count 2 was reduced to a misdemeanor, which minor admitted. The matter was transferred to Riverside County, where he resided. The court declared minor a ward and placed him on probation.

On April 1, 2011, a subsequent section 602 petition was filed, alleging that minor stole merchandise from a CVS Pharmacy. (Pen. Code, § 490.5.)

On April 20, 2011, another section 602 petition was filed, alleging that minor committed misdemeanor vandalism (Pen. Code, § 594, subd. (b)(2)(A)), and that he possessed tools with the intent to commit vandalism (Pen. Code, § 594.2). Minor admitted the misdemeanor vandalism allegation, and the court dismissed the remaining allegations in the April 1 and April 20 petitions. The court continued minor as a ward on probation.

On February 27, 2012, a section 777 notice of hearing was filed alleging that minor had violated his probation.

On March 6, 2012, another section 602 petition was filed, alleging that minor committed felony vandalism (Pen. Code, § 594, subd. (b)(1), and misdemeanor

3

vandalism (Pen. Code, § 594.1, subd. (e)(1)). That same day, minor admitted the probation violations, as well as the felony vandalism allegation, and the court set a disposition hearing. (The court dismissed the misdemeanor vandalism allegation.)

On April 3, 2012, a subsequent section 602 petition was filed, alleging that minor committed two more counts of felony vandalism (Pen. Code, § 594, subd. (b)(1)), and 12 counts of misdemeanor vandalism (§ 594, subd. (b)(2)(A)).

At a hearing on April 10, 2012, minor admitted the two felony counts of vandalism, as well as five misdemeanor counts of vandalism. The remaining allegations were dismissed. The matter was then transferred back to San Bernardino County, where he now resided.

On May 9, 2012, the San Bernardino County Juvenile Court continued minor as a ward in his mother's custody, on specified terms of probation. Minor's counsel objected to two of the terms, including No. 8, which required that minor seek employment, and No. 22, which prohibited minor from being on, or within a one-block radius, of any school campus, unless he was enrolled there or had prior permission. The court struck No. 8, but kept No. 22, stating: "I believe it is reasonable, particularly based upon the fact that he is currently working on his G.E.D., and . . . the nature of the vandalism involved."

## ANALYSIS

### The Juvenile Court Erred in Imposing Condition No. 22

Minor contends that the court abused its discretion in imposing probation condition No. 22 (the probation condition), which prohibits him from "be[ing] on any

4

school campus or within a one-block radius of any school campus unless enrolled there, or with prior administrative permission from school authorities." Minor argues that the probation condition is unreasonable because it is not related to his offenses, it does not prohibit otherwise criminal conduct, and it is not related to future criminality. He further contends that the condition infringes upon his constitutional rights to association, travel, and personal liberty. We agree that the probation condition as written is unreasonable and will modify it.

Under section 730, subdivision (b), the juvenile court, in placing a ward on probation, "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." The court has broad discretion in formulating probation conditions, and its imposition of any particular condition is reviewed for abuse of discretion. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52 (*D.G.*).)

"While adult criminal courts are also said to have 'broad discretion' in formulating conditions of probation [citation], the legal standards governing the two types of conditions [adults and juveniles] are not identical. Because wards are thought to be more in need of guidance and supervision than adults and have more circumscribed constitutional rights, and because the juvenile court stands in the shoes of a parent when it asserts jurisdiction over a minor, juvenile conditions 'may be broader than those pertaining to adult offenders.' [Citation.]" (*D.G.*, *supra*, 187 Cal.App.4th at p. 52.) "While broader than that of an adult criminal court, the juvenile court's discretion in formulating probation conditions is not unlimited. [Citation.]" (*Ibid.*) Despite the

5

differences between the two types of probation, juvenile probation conditions must be judged by the same three-part standard applied to adult probation conditions under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*): "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Id.* at p. 486.)

Applying the standards of *Lent*, we find no reasonable basis for the juvenile court's condition prohibiting minor from coming within a one-block radius of a school, other than one where he is enrolled or has permission to be. First, there is no relationship between schools or students and minor's current or past crimes. His current offenses were vandalism. However, the vandalism occurred on freeway overpass billboards. None of his crimes were committed on or near school grounds, and none involved uniquely juvenile conduct. Moreover, the probation condition does not relate to conduct that is itself criminal, in that it is not illegal to pass within a one-block radius of school grounds.[2] (See *D.G.*, *supra*, 187 Cal.App.4th at p. 53.) Finally, there is no reason to conclude that this restriction is related to minor's possible future criminality. Because

---

[2] We note that there are statutes regulating nonstudent presence on school grounds, as discussed *post*.

6

there is nothing in his criminal or personal history that demonstrates a predisposition to commit crimes near school grounds or upon students, there is no reason to believe the probation condition would actually prevent him from committing any future crimes. (See *Ibid.*)

The People argue that the probation condition is reasonable because it is "appropriate in light of [minor's] entire social history, and it forbids conduct related to future criminality under the *Lent* test." The People cite minor's admission to being a member of a tagging crew, his suspension from school for being defiant and leaving campus, his expulsion from school for theft, and his admission to committing a battery with serious bodily injury. The People thus claim that minor's history "shows a consistent pattern of delinquent behavior that would not be abated if he were allowed access to school campuses with no legitimate purpose." The People further assert that the probation condition would "prevent unwanted contact with other juveniles on or near school campuses where [minor] is not enrolled, thereby limiting his potential for future criminality."

As discussed *ante*, there was no evidence that minor's tagging occurred on school grounds, or to support the conclusion that minor presents a special danger to students. Minor's past battery offense occurred when he attempted to steal a wallet from a person at an apartment complex. There was no indication that the victim was a juvenile. Moreover, although minor had some problems at school, those problems occurred at schools in which he was enrolled.

For the reasons stated *ante*, we find no grounds to support the challenged probation condition.[3] Nonetheless, we recognize the concern of the juvenile court and the People that minor's access to students be restricted to the extent permissible. To that end, we note that minor must obey all laws, including those that deal directly with schools troubled by outsiders. Penal Code section 627.2 states that "[n]o outsider shall enter or remain on school grounds during school hours without having registered with the principal or designee, except to proceed expeditiously to the office of the principal or designee for the purpose of registering." A probation condition generally consistent with Penal Code section 627.2 would ensure that minor does not frequent school grounds without the knowledge of the relevant authorities. Because such a condition would be justifiable under *Lent* as proscribing otherwise criminal conduct, we will modify the probation condition accordingly. (See *D.G.*, *supra*, 187 Cal.App.4th at p. 56.) Thus, we will delete the portion of the probation condition prohibiting minor from being within a one-block radius of any school campus. The probation condition should now read: "Not be on any school campus unless enrolled there, or with prior administrative permission from school authorities."

---

[3] Because we reach this conclusion under *Lent*, it is unnecessary for us to reach minor's constitutional arguments. (See *D.G.*, *supra*, 187 Cal.App.4th at p. 56, fn 5.)

## DISPOSITION

The judgment is modified to modify probation condition No. 22 to read as follows: "Not be on any school campus unless enrolled there, or with prior administrative permission from school authorities." In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

RICHLI
J.

9