Filed 5/13/14  In re A.G. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re A.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.G.,<br><br>        Defendant and Appellant. | A140138<br><br>(Napa County<br>Super. Ct. No. JV17378) |

Defendant A.G. appeals from a dispositional order placing him on probation subject to certain conditions. He maintains four of the conditions are unconstitutionally vague or overbroad; two because they do not define the term "criminal street gang," one because its prohibition of new piercings is assertedly overbroad, and one because its prohibition of being within 100 yards of a school during school hours is assertedly vague and overbroad.  We conclude "criminal street gang" needs additional definition, the prohibition of new piercings is overbroad, and the school condition should include a knowledge requirement. As modified, we affirm.

**BACKGROUND**

We set forth only the facts pertinent to the issues on appeal.

In February 2013, the Napa County District Attorney filed a juvenile delinquency petition alleging A.G. possessed marijuana for sale and had sold or transported

1

marijuana. (Health & Saf. Code, §§ 11359, 11360, subd. (a).) A.G. admitted selling $10 worth of marijuana to another student at his middle school and admitted both counts. The court granted deferred entry of judgment and placed him on probation.

In April 2013, the district attorney filed a supplemental petition alleging A.G. had disturbed the peace in association with a criminal street gang. (Pen. Code, §§ 415, 186.22, subd. (d).) A.G. admitted this allegation, amended to allege a misdemeanor offense.

Five months later, in September 2013, the district attorney filed another supplemental petition alleging A.G. had resisted or obstructed a police officer and violated the terms of his probation by associating with gang members and violating curfew. (Pen. Code, § 148, subd. (a)(1); Welf. & Inst. Code, § 777.) After a contested jurisdictional hearing, the court found the obstruction count true and the prosecutor withdrew the probation violation count. The juvenile court reinstated probation and re-imposed all previously imposed probation conditions.

## DISCUSSION

A.G. claims four of the probation conditions are unconstitutionally vague or overbroad. He maintains conditions 11 and 12 are vague because they do not define the term "criminal street gang," condition 11 is overbroad because it lacks a knowledge requirement, condition 13 is overbroad because it bars him from obtaining any new body piercings, and condition 15 is overbroad because it bars him from being within 100 yards of any school.[1]

"A juvenile court is vested with broad discretion to select appropriate probation conditions. [Citation.] The court may impose any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' ([Welf & Inst. Code,] § 730, subd. (b).) A condition of probation

---

[1] A.G. claims at one point in his brief the probation condition bars him from "being within 150 yards of the property of any school." The condition actually provides "The minor must stay at least 100 yards away from all schools during school hours unless enrolled in that school, or for an activity approved by the Probation Officer[.]"

2

that is impermissible for an adult probationer is not necessarily unreasonable for a minor. [Citation.] Juveniles are deemed to be more in need of guidance and supervision than adults, and their constitutional rights are more circumscribed. [Citation.] Further, when the state asserts jurisdiction over a minor, it stands in the shoes of the parents." (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033–1034 (*Antonio C.*).)

"While broader than that of an adult criminal court, the juvenile court's discretion in formulating probation conditions is not unlimited. [Citation.] Despite the differences between the two types of probation, it is consistently held that juvenile probation conditions must be judged by the same three-part standard applied to adult probation condition under *Lent*[2]. . . . 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*In re D.G.* (2010) 187 Cal.App.4th 47, 52–53.) And, in order to comply with due process requirements, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

A.G. urges the gang conditions are vague because neither defines "criminal street gang," and condition 11 lacks a knowledge requirement regarding gang activity. Probation condition 11 imposed by the court provides: "The minor cannot be a member of any criminal street gang; cannot participate in any criminal street gang activity; cannot associate with any person known by the minor to be a criminal street gang member; cannot be at any location known by the minor to be an area where criminal street gang members congregate[.]" Condition 12 provides: "The minor cannot wear or possess any

---

**2** *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), abrogated by Proposition 8 on another ground as recognized in *People v. Wheeler* (1992) 4 Cal.4th 284, 290–292.

clothing or other item, or display any hand signs known by the minor to have criminal street gang significance[.]"

Acknowledging the holding of *In re Victor L.* (2010) 182 Cal.App.4th 902, 914, the Attorney General concedes this point and agrees with A.G.'s proposed modification of condition 11, as follows: " 'You cannot be a member of any criminal street gang; cannot knowingly participate in any activity which advances, benefits, or promotes the actions of a criminal street gang; cannot associate with any person known by you to be a criminal street gang member; cannot be at any location known by you to be an area where criminal street gang members congregate. For purposes of this condition, the term "criminal street gang" means a "criminal street gang" as defined in Penal Code section 186.22, subdivisions (e) and (f).' "**[3]** We agree, and will modify the condition accordingly. A.G. also contends condition 12 must be modified to define "criminal street gang" in reference to section 186.22, subdivisions (e) and (f). Because we have modified condition 11 to include that definition, we need not do so as to condition 12. (*In re Victor L.*, *supra*, 182 Cal.App.4th at p. 914 ["This definition need not be included in every gang condition for its meaning to be clear."].)

A.G. next contends probation condition 13 is overbroad because it forbids him to obtain any new piercings, relying on *Antonio C., supra*, 83 Cal.App.4th 1029. In that case, the court held a probation condition imposing an absolute piercing prohibition was invalid under *Lent* because it had no relationship to the crime of which the minor was convicted, related to conduct that was not itself criminal, and barred conduct that was not reasonably related to future criminality. (*Antonio C.*, at p. 1036.) The court in *Antonio C.* noted "[w]hile minors are statutorily prohibited from acquiring tattoos, they may have

---

**[3]** Penal Code section 186.22 provides in part: "As used in this chapter, 'criminal street gang' means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang activity." (Pen. Code, § 186.22, subd. (f).)

4

their lip, tongue, nose, or eyebrow pierced with their parent's consent." Thus, the court modified the probation condition to state the minor " 'shall not obtain any piercings with gang significance or not in compliance with Penal Code section 652, subdivision (a).' " (*Ibid.*)

The Attorney General also concedes this point, and agrees the probation condition should be modified "so long as it comports with *Antonio C*." We agree, and order condition 13 so modified.

Lastly, A.G. contends probation condition 15 is overbroad, lacks a knowledge requirement, and infringes on his constitutional right to travel because it forbids him from being within 100 yards of any school while it is in session, unless he is enrolled in that school. The condition states: "The minor must stay at least 100 yards away from all schools during school hours unless enrolled in that school, or for an activity approved by the Probation Officer[.]"

Relying on *People v. Barajas* (2011) 198 Cal.App.4th 748 (*Barajas*), A.G. maintains a prohibition against being within 100 yards of a school is overbroad because it "is not closely tailored 'to the purposes of the condition,' " but claims 50 yards would be constitutionally acceptable. In *Barajas*, the defendant challenged a probation condition prohibiting him from being "adjacent" to a school. The court held this was vague, and modified the condition to prohibit him from being within 50 feet of a school. (*Id*. at pp. 761, 763.) The distance of 50 feet was chosen because the Attorney General conceded the condition could be so modified. As the court explained, "While accepting the Attorney General's concession in this case, we recognize that other modifications may equally solve the problem we perceive. . . . We do not intend to suggest that a 50-foot distance is a constitutional threshold." (*Id*. at p. 762, fn. 10.) Given that A.G. admitted selling marijuana to another student on school grounds and admitted gang association, we conclude imposing a 100-foot prohibited zone around schools was reasonably related to his past criminal activity and tailored to prevent future criminality.

A.G. also asserts a "knowledge" requirement must be added to the probation condition, claiming he otherwise might "violate the condition by walking on a public

sidewalk around the corner from a school entrance, unaware that he has approached the school." He maintains adding this knowledge requirement is comparable to a condition prohibiting a probationer from associating with only known gang members. We agree, and modify the condition accordingly.

A.G. additionally claims the condition is overbroad because "it contains no exception allowing appellant to be on other school campuses for legitimate reasons or with permission." The condition provides A.G. may not be within 100 yards of a school in which he is not enrolled unless "for an activity approved by the Probation Officer[.]" Judicial Council Forms, form JV-624 limits the probation condition to " 'be[ing] on the campus or grounds of any school[4] unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the prior permission of school authorities.' " (*In re D.G.*, *supra*, 187 Cal.App.4th at pp. 54, 56.) We thus modify condition 15 to conform with the Judicial Council form.

**DISPOSITION**

Probation condition 11 is modified to state: "You cannot be a member of any criminal street gang; cannot knowingly participate in any activity which advances, benefits, or promotes the actions of a criminal street gang; cannot associate with any person known by you to be a criminal street gang; cannot be at any location known by you to be an area where criminal street gang members congregate. For purposes of this condition, the term 'criminal street gang' means a 'criminal street gang' as defined in Penal Code section 186.22, subdivisions (e) and (f)." Probation condition 13 is modified to state: "The minor shall not get any new tattoos, brands, burns, or voluntary scarrings; he shall not obtain any piercings with gang significance or not in compliance with Penal Code section 652, subdivision (a)." Probation condition 15 is modified to read: "The minor shall not knowingly be within 100 yards of the campus or grounds of any school

---

**4** A.G. maintains the prohibited zone around "all schools" is overbroad, noting it might include schools in which minors are not present or located in other geographical areas. In this case, however, A.G.'s past criminal behavior involved selling drugs to a student at a middle school and gang involvement. The language was thus related to his past criminal activity and tailored to prevent future criminality.

unless enrolled, accompanied by a parent or guardian, or responsible adult, or authorized by the prior permission of school authorities."  As modified, the judgment is affirmed.


_____
Banke, J.


We concur:


_____
Margulies, Acting P. J.


_____
Becton, J.*

---

\* Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.