Filed 2/21/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re AMBER K., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. AMBER K., Defendant and Appellant. | A155515 (Contra Costa County Super. Ct. No. J17-01069) |

After the juvenile court found that Amber K. had committed felony assault by force likely to produce great bodily injury, it adjudged her a ward of the court and imposed conditions of probation. Amber challenges the part of the disposition order requiring her to submit electronic devices under her control to warrantless searches of any medium of communication reasonably likely to reveal whether she is complying with the terms of her probation. We conclude that although an electronic search condition is appropriate here, the condition imposed by the court is too broad to survive scrutiny under *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), and therefore we strike it and remand the matter to the juvenile court to consider imposing a revised condition.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

A.    *Petition and Status Hearings*

In October 2017, the district attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602,[1] alleging that on September 13, 2017, Amber, who was then age 14, committed felony assault by force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)  Amber was later arrested on a warrant and booked into juvenile hall, where she told the probation officer that on the relevant date she had been in a physical fight at school with B., who at one time had been her best friend.  Amber reported that she had been expelled from school as a result and was now attending a different school.

The juvenile court subsequently released Amber to home supervision on an ankle monitor and ordered her to stay away from her former school and have no contact with B.  In February 2018, the juvenile court terminated home supervision and the requirement that Amber wear an ankle monitor.

In August 2018, four days before the contested jurisdiction hearing, the juvenile court held a hearing to address two incidents in which Amber allegedly violated the court's order to stay away from her former high school and from B.  After reviewing a report from the probation department  and hearing argument of counsel, the juvenile court found that Amber had violated a court order and ordered her detained in juvenile hall.

B.    *Contested Jurisdiction Hearing*

The prosecution offered testimony from B., who stated that on the date in question she was a high school sophomore and was with her boyfriend at lunch when they were approached by a student that B. did not know.  The

---

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise stated.

unknown student asked B. how she was doing, and while B. was focusing on that student, Amber sneaked up from behind, grabbed B.'s hair and pulled her down the small flight of stairs where she was standing. B. fell on the ground on her back; Amber got on top of her and began punching her with a closed fist. B. put her arms up to cover her head in self-defense, but Amber punched her in the head, hit her face, and tried to slam her head into the concrete. When B.'s boyfriend tried to help her while she was on the ground, Amber's friend W. and another person pushed him away. After a minute or two, Amber got off B. As B. tried to stand up, Amber stomped on the side of her face near her eye. This caused B. to fall back down and hit her head on the ground, though her backpack prevented her head from hitting too hard. The prosecution introduced as evidence photographs of B.'s injuries, and two videos of the attack that were apparently taken on students' cell phones. One of the videos was posted on social media with the caption, "Baby girl rocked the shit out of that bitch" followed by a laughing emoji.[2]

Amber testified in her defense that she and B. had been friends until they had a falling out. Although B. never started a physical fight with Amber, B. several times threatened to stomp her face in, once over the phone, once over Snapchat, and several times when Amber walked past B. On the day of the incident, Amber walked by B., who said, "Keep walking before I stomp your face in." B. also told friends, "Yeah, I could beat her ass in a minute." Amber testified she was scared that B. would hurt her, and decided to approach B. that day "to see if we could just end it." Before approaching B., Amber changed from her tank top into a gym shirt so "would not get scratched up" if B. or B.'s friends attacked her when she approached. Amber

_____

[2] The record does not reflect who posted the video, but the district attorney later represented that the video was not posted by Amber.

3

denied that she had told her friend W. and the other person that she was going to fight B.

The juvenile court sustained the allegation in the petition.

C.    *Disposition Hearing*

The juvenile court adjudged Amber a ward of the court with no termination date and placed her on home supervision for 90 days.  The court adopted the probation department's recommended conditions of probation, as well as an electronic search condition that the district attorney requested.

At the disposition hearing, the district attorney stated that "immediately after the incident [Amber] had posted pictures on social media of herself flipping off the camera, saying things like . . . I'm in jail or going.  Bitch, what the fuck you thought.  And then some laughy-face emojis."[3]  The district attorney argued that "electronic search terms would be appropriate considering the social media aspect of this all."

The court addressed Amber's counsel:  "Mr. Rivera, I do think there is a basis to issue as part of a condition of probation that she submit her electronic devices to search and seizure to insure that she is complying with the terms and conditions of her probation, which would be the no contact with [B] and making sure that she's not posting anything inappropriate on social media."

Amber's counsel objected that the proposed condition was "overly broad" and "not sufficiently tailored," and that it did not meet the standard of *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) "in regard to future criminality, and [the condition is] not reasonably related to the offense."

---

[3] Amber does not dispute that she made such posts.  The district attorney characterized Amber's posts as "relating to her feelings of the fight."

4

The juvenile court then imposed the requested electronic search condition, stating as follows:

"Well, I am imposing it because I certainly think it is an appropriate condition to make sure there is no contact at all with [B], and to insure that she is abiding by the terms and conditions of her probation.

". . . .

"I am concerned that she did, even after this, post something on social media. Her grandmother talked about the fact that social media she felt was behind part of this bad blood, but I do think it is appropriate that she is complying with the terms and conditions of her probation.

"So I am ordering that Amber submit her cellphone or any other electronic device under her control to a search of any medium of communication reasonably likely to reveal whether she is complying with the terms of her probation, with or without a warrant at any time of the day or night. Such communication includes text messages, voice-mail messages, photographs, email accounts and other social media accounts and applications such as Snapchat, Instagram, Facebook and Kik. You shall provide access codes to probation or any other peace officer upon request in order to effectuate such a search."

The juvenile court expanded on the requirement that Amber have no contact with B: "Essentially you must not contact [B.] either directly or indirectly in anyway, including but not limited to in person, by telephone, in writing, by public or private mail, by inter-office mail, by email, by text message, by fax or any other electronic means, you are not to contact [B.] at all."

## DISCUSSION

Amber asks us to strike or modify the electronic search condition, arguing that it is invalid under *Lent* and *Ricardo P.* and is overbroad in its infringement on her constitutional rights to privacy. The Attorney General argues that the condition is neither invalid nor overbroad, and asks us to affirm or, if we find the condition is overbroad, to remand for the trial court to modify it. We conclude that the condition does not meet the requirements of *Lent* and *Ricardo P.* because as presently worded it imposes a burden that is not proportionate to the legitimate interest it serves, which is to make sure that Amber has no contact with B. (See *Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) On that basis we strike the condition and remand the matter to the juvenile court for further consideration. We need not, and do not, reach the constitutional issues.

### A. *Applicable Law*

We summarized some of the relevant law in *In re Edward B.* (2017) 10 Cal.App.5th 1228 (*Edward B.*): "The juvenile court is authorized to 'impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' (§ 730, subd. (b).) We review the juvenile court's probation conditions for abuse of discretion. (*In re P.A.* (2012) 211 Cal.App.4th 23, 33.)

"Well-established principles guide our review. ' "The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents" [citation], thereby occupying a "unique role . . . in caring for the minor's well being." [Citation.] . . . [¶] The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults. "[E]ven where there is an invasion of protected freedoms 'the power of the

state to control the conduct of children reaches beyond the scope of its authority over adults.' " [Citation.] . . . Thus, " 'a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.' " [Citations.]' (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910 . . . .)

"The juvenile court's discretion in imposing conditions of probation is broad but not unlimited. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52 (*D.G.*).) Our Supreme Court has stated criteria for assessing the validity of a probation condition: Upon review, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality[.]" ' (*Lent, supra*, 15 Cal.3d at p. 486.) 'Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' (*Ibid.*) Adult and juvenile probation conditions are reviewed under the *Lent* criteria. (*D.G., supra*, 187 Cal.App.4th at p. 52.) A condition that would be improper for an adult is permissible for a juvenile only if it is tailored specifically to meet the needs of the juvenile. (*Id.* at p. 53.) In determining reasonableness, courts look to the juvenile's offenses and social history. (*Ibid.*)" (*Edward B., supra*, 10 Cal.App.5th at pp. 1232-1233.)

B.    *Analysis*

We agree with Amber that the record does not show a relationship between her use of electronic devices and the offending conduct sufficient to justify the electronic search condition under the first prong of *Lent*. Although the record suggests that the assault resulted from hostility between Amber

7

and B that had played out in part over social media, we are not persuaded by the Attorney General's contention that "substantial evidence in the record connects appellant's use of electronic devices and social media to the assault." The Attorney General states that the assault was filmed by fellow students and distributed on Snapchat, but he points to no evidence that Amber arranged for the filming or distribution. In addition, although there is evidence that B used electronic devices and social media to communicate about Amber, the only information in the record concerning *Amber's* use of social media is the district attorney's statement at the disposition hearing that Amber posted about the fight after it took place.

Amber's use of electronic devices is obviously not in itself unlawful (the second prong of *Lent*), and therefore the electronic search condition is invalid under *Lent* unless it is reasonably related to Amber's future criminality, the third prong. (*Lent*, *supra*, 15 Cal.3d at p. 486.)

In *Ricardo P.*, our Supreme Court discussed the *Lent* requirement of reasonable relatedness to future criminality in the context of an electronic search condition. (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1122-1123.) There, the defendant admitted allegations that he committed two felony burglaries. (*Id.* at p. 1116.) The probation conditions imposed by the juvenile court included drug testing, prohibitions on using illegal drugs and alcohol, and prohibitions on associating with people whom Ricardo knew to use or possess illegal drugs. (*Ibid.*) The juvenile court also imposed a condition requiring the minor to submit his electronics, including passwords, to warrantless search at any time of the day or night. (*Id.* at pp. 1116-1117.) The condition was imposed solely to allow probation officers to monitor whether Ricardo was communicating about drugs or with people associated with drugs (*id.* at pp. 1116-1117, 1119), but the language of the search condition did not reflect its

8

limited purpose. In the absence of any evidence that electronic devices were connected to the commission of the burglaries, or that Ricardo used electronic devices in connection with drug use or any other criminal activity, our Supreme Court concluded that the electronic search condition was invalid under *Lent* because the burden it imposed on his privacy was "substantially disproportionate to the condition's goal of monitoring and deterring drug use" (*id.* at pp. 1119-1120) and therefore not reasonably related to future criminality. (*Id.* at p. 1122.) Although our Supreme Court emphasized that it was not categorically invalidating electronic search conditions, it affirmed the Court of Appeal's judgment striking the condition and directed that the case be remanded to the juvenile court for further proceedings. (*Id.* at pp. 1128-1129.) The Supreme Court did not reach the issue whether the record might support a narrower search condition, such as one limited to electronic information reasonably likely to reveal whether Ricardo was communicating about drugs, nor how such a condition might be phrased. (See *id.* at p. 1124.)

Our colleagues in Division Four applied the *Ricardo P.* standard in *In re Alonzo M.* (2019) 40 Cal.App.5th 156, 160 (*Alonzo M.*), a case where the minor admitted grand theft of a person, taking property valued at more than $950, and pleaded no contest to misdemeanor burglary. The juvenile court imposed various conditions of probation, including that Alonzo stay away from his co-responsibles and from other people of whom his parents or the probation officer disapproved, and an electronic search condition for the purpose of addressing Alonzo's admitted susceptibility to negative social influences. (*Id.* at pp. 166-167.) The actual terms of the search condition, however, reached beyond the stated purpose and, though not as broad as the condition in *Ricardo P.*, authorized the search of any medium of communication reasonably likely to reveal whether the minor was complying

with any of the terms of his probation, not limited to terms related to Alonzo's susceptibility. (*Id.* at p. 167; compare *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1116-1117.) Even though the record in *Alonzo M.* showed that minor spent a significant amount of time using electronic devices, and the Court of Appeal concluded that an electronic search condition would be permissible as reasonably related to minor's future criminality, our colleagues concluded that the challenged condition was invalid because it "burden[ed] Alonzo's privacy in a manner substantially disproportionate to the probation department's legitimate interest in monitoring Alonzo's compliance with the stay-away orders." (*Alonzo M.*, *supra*, 40 Cal.App.5th at p. 168.) The Court of Appeal struck the condition and remanded the case to the juvenile court "so the court may consider whether to adopt an electronic search condition consistent with this opinion." (*Ibid.*)

In Amber's case, the juvenile court had previously found that Amber violated its stay-away order, and the record indicates that Amber expressed hostility toward B not only in face-to-face contact, but in social media posting after the assault. The juvenile court made clear that as a condition of probation Amber was to have no contact, direct or indirect, with B. In these circumstances, even in the absence of evidence that Amber ever used electronic devices for any other purpose, we see no abuse of discretion in the juvenile court imposing an electronic search condition to make sure that Amber has no contact with B. But the juvenile court here went further, by authorizing electronic searches for the broader purpose of insuring that Amber was complying with all the probation conditions. Although the court tailored the condition by identifying examples of the types of communication subject to search, the condition was broadly worded to cover media "reasonably likely to reveal whether she is complying with the terms of her

10

probation," not limited to the term that Amber have no contact with B.  Like the court in *Alonzo M.*, we conclude that "[t]his wide-ranging search clause burdens [Amber's] privacy in a manner substantially disproportionate to the . . . legitimate interest in monitoring [her] compliance with" the no-contact order.  (*Alonzo M.*, *supra*, 40 Cal.App.5th at p. 168.)  Accordingly we strike the condition and remand the case to the juvenile court.

## DISPOSITION

The disposition order is affirmed, except that the electronic search condition is stricken.  The matter is remanded to the juvenile court to consider whether to impose a revised condition consistent with this opinion.

_____
Miller, J.

We concur:


_____
Richman, Acting P.J.


_____
Stewart, J.


A155515, *People v. Amber K.*

Trial Court:  Superior Court of Contra Costa County


Trial Judge:  Hon. Barbara C. Hinton


Kevin J. Lindsley, under appointment by the Court of Appeal, for Defendant and Appellant


Xavier Becerra, Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Rene A. Chacon and Masha A. Dabiza, Deputy Attorneys General, for Plaintiff and Respondent


A155515, *People v. Amber K.*