Filed 12/21/20  In re B.B. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re B.B., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B305540 (Super. Ct. No. TJ23162) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>B.B.,<br><br>    Defendant and Appellant. | |

B.B. appeals from an order adjudicating him a ward of the court (Welf. & Inst. Code, § 602).  The juvenile court found true the allegation that B.B. committed second degree robbery (Pen. Code,[1] § 211) and that he personally used a firearm

---

[1] Further unspecified statutory references are to the Penal Code.

(§ 12022.53, subd. (b)).  The court ordered B.B. to be placed at a camp community program for five to seven months with a maximum term of confinement of 15 years and eight months.

B.B. contends the juvenile court erred when it imposed certain probation conditions related to graffiti and tagging.  We affirm.

## FACTUAL AND PROCEDURAL HISTORY

### *Prior Offenses*

In December 2018, B.B. was arrested for stealing property and a gun from a car.  He admitted allegations that he possessed a firearm (§ 29610) and tampered with the contents of a vehicle (Veh. Code, § 10852).  The juvenile court sustained the petition as to those allegations.

In March 2019, B.B. was arrested after driving a stolen car, which contained a gun.  After B.B. admitted the allegations in the petition, the juvenile court sustained the petition on the driving and taking the vehicle without consent allegation (Veh. Code, § 10851, subd. (a)).

In June 2019, police officers arrested B.B. after identifying him as a suspect in a robbery.  B.B. took an individual's phone after threatening the individual.  B.B. admitted the allegation that he committed attempted second degree robbery.  (§§ 664/211.)  The juvenile court sustained the petition on the attempted robbery allegation and ordered B.B. home on probation.

### *Current Offense*

In February 2020, B.B. and a companion approached an individual, who was leaving a marijuana dispensary.  B.B. said, "Hey, give me everything you got."  When the individual did not give him anything, B.B. pulled out a gun and pointed it at the

individual's stomach. B.B. then "snatched" the bag of marijuana from the individual, and the companion took the individual's wallet. B.B. and the companion ran away.

The district attorney filed a petition alleging one count of second degree robbery (§ 211). It also alleged B.B. personally used a firearm in the commission of the offense (§ 12022.53, subd. (b)). After a hearing, the court sustained the petition and found true the firearm allegation.

The probation department recommended that B.B. be committed to "the care, custody and control" of the probation department for placement in a camp community program. It recommended conditions of probation that B.B. "complete 40 hours of Graffiti removal" and that he "not knowingly have or possess any spray cans, aerosol nozzles, slap tags, paint or ink markers, metal scribers or any other devices used for tagging or marking objects."

The court ordered that B.B. be placed in a camp community program for five to seven months, with a maximum term of confinement of 15 years, 8 months.

## DISCUSSION

B.B. contends the probation conditions related to graffiti and tagging should be stricken because they were not reasonably related to his offense or future criminality.[2] (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*); *In re D.G.* (2010) 187 Cal.App.4th 47, 52.) The Attorney General argues that B.B.

---

[2] The record is ambiguous as to whether the juvenile court imposed the challenged probation conditions. We proceed on the assumption that those conditions were imposed.

3

forfeited his contention because he did not object below.  We agree.

The failure to object to a probation condition as unreasonable forfeits the claim on appeal.  (*People v. Welch* (1993) 5 Cal.4th 228, 234-235 [failure to challenge the reasonableness of a probation condition under *Lent* constituted waiver on appeal].)[3]  "A timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in the particular case . . . A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis."  (*Id.* at p. 235.)

Because B.B. did not object to the probation conditions during the disposition hearing, he forfeited his claim on appeal.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.

We concur:


GILBERT, P. J.          PERREN, J.

---

[3] To the extent B.B. argues the conditions are unconstitutionally overbroad as applied to him, such a challenge is forfeited on appeal.  (*People v. Kendrick* (2014) 226 Cal.App.4th 769, 776-778; see also *In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

4

Christina L. Hill, Judge

Superior Court County of Los Angeles

_____

        Gerald Peters, under appointment by the Court of Appeal, for Defendant and Appellant.

        Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kim Aarons and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.