Filed 8/24/20; modified and certified for publication 9/15/20 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>BRAYAN ALEXANDER CRUZ CRUZ,<br><br>      Defendant and Appellant. | A157385<br><br>(Marin County<br>Super. Ct. No. SC208441A) |

Appellant Brayan Alexander Cruz Cruz challenges the trial court's imposition of "marijuana-related conditions of probation." Based on the test articulated in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), the conditions are invalid. Accordingly, we strike them.

FACTUAL AND PROCEDURAL BACKGROUND

On March 28, 2019, a police officer in San Rafael, California, responded to the reported theft of a vehicle. The victim's coworker told the officer that he saw someone in the victim's vehicle whom he did not recognize. The coworker called the victim, who confirmed his vehicle was stolen. The coworker approached the vehicle, but the occupant drove away, and the coworker followed but lost sight of him.

1

Five days later, on April 2, 2019, the victim located his vehicle, but there was someone sitting in the driver's seat. The victim's friend used his vehicle to block the stolen vehicle. Several officers responded to the scene and detained the person in the stolen vehicle, who was later identified as appellant.

Inside the vehicle, police officers located appellant's El Salvadorian passport. Appellant had an outstanding felony warrant for taking a vehicle without the owner's consent. Police transported appellant to the San Rafael police station, where he admitted he stole the vehicle. Appellant stated it was unlocked and the keys were in the ignition. Appellant had been sleeping in the vehicle, he acknowledged wrongdoing, and he regretted taking it.

On April 3, 2019, the People filed a complaint against appellant alleging he took a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a); count 1),[1] and he received a stolen vehicle (Pen. Code, § 496d, subd. (a); count 2). On April 15, 2019, appellant pled guilty to the first count, and the trial court dismissed the remaining count.

The probation report explained that appellant, who was 21 years old at the time of his arrest, was born in El Salvador, and he came to the United States when he was 16. Appellant had "a difficult childhood," he "grew up in a country surrounded by violence," and he witnessed the killing of his uncle when he was seven years old. Although unemployed, appellant sometimes worked in construction.

The probation report described appellant's use of alcohol and drugs as "[m]oderate." Appellant drank alcohol on social occasions, and "he last drank . . . two months prior to his arrest." Appellant reported "he first used marijuana at the age of 19. He stated he used it occasionally and for the past

---

[1] Undesignated statutory references are to the Vehicle Code.

year he has been smoking marijuana twice a month. [Appellant] stated he last smoke[d] marijuana on the day he was arrested."

The probation report contained proposed conditions including that appellant "shall not use, consume, possess or transport alcohol . . . [or] marijuana . . . ." Other conditions required appellant to submit to chemical testing and complete a drug assessment.

On May 9, 2019, the court suspended imposition of sentence and placed appellant on three years of probation. Regarding the proposed drug conditions, defense counsel objected that alcohol and marijuana are legal substances, that appellant's offense was not related to drug use, and "it doesn't seem like [appellant] has an extensive history with drugs or a drug problem; [or] anything but occasional use of legal drugs, alcohol and marijuana."

The probation officer responded that appellant "admitted that on the day of the arrest, he smoked marijuana." The district attorney submitted on the objection to the no-alcohol condition, but argued "the marijuana prohibition would be appropriate given his statement . . . that he had last used on the date of the arrest when he was in possession of the stolen vehicle." The court asked whether the probation department was "able to determine that he was under the influence of marijuana or simply that he had smoked it sometime that day?" The probation officer responded that if appellant smoked marijuana on the day of his arrest, then he was likely still "intoxicated" at the time of his arrest.

The trial court struck the no-alcohol condition, but imposed a condition prohibiting appellant from using or consuming marijuana, stating that "given that he was using marijuana on the day of the incident, there's a more than adequate basis to include that in the conditions."

In imposing the conditions of probation, the court stated: "You are not to use, consume, possess or transport marijuana, prescribed or not, or any nonprescribed or illegal drugs or intoxicants of any kind or associated paraphernalia, unless specifically authorized by the Court, during the probationary period. [¶] You are to submit to chemical testing at the request of any peace officer or probation officer to determine drug content. [¶] You are to complete a drug assessment and follow through with treatment as directed by probation." Appellant timely filed a notice of appeal.

## DISCUSSION

Appellant argues the marijuana-related probation conditions are invalid under *Lent, supra*, 15 Cal.3d at p. 486. We agree.

### I. *The Lent Test*

A sentencing court has broad discretion to fashion appropriate conditions of probation that facilitate rehabilitation and foster public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) We review the conditions imposed for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) A condition of probation is invalid if it " ' "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." ' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*), quoting *Lent, supra*, 15 Cal.3d at p. 486.) "The *Lent* test 'is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.' " (*Ricardo P.*, at p. 1118.)

### II. *The Marijuana-Related Probation Conditions Are Invalid*

Appellant argues the marijuana-related probation conditions "are unreasonable because they regulate lawful conduct and are not reasonably related to the crime of which appellant was convicted or to his future

4

criminality." The Attorney General concedes the conditions prohibit lawful conduct and therefore satisfy the second prong of the *Lent* test. We focus on the first and third prongs.

### A. *Appellant Satisfies the First Prong of the Lent Test*

The first *Lent* prong requires a relationship between the probation condition and the crime of which the defendant was convicted. (*Lent*, *supra*, 15 Cal.3d at p. 486.) Here, appellant pled guilty to taking a vehicle without the owner's consent, a crime that by its express terms does not involve marijuana. (See § 10851, subd. (a).) Appellant admitted he smoked marijuana on the day of his arrest, but the probation report indicates he stole the vehicle five days earlier, on March 28, 2019. The officers who arrested appellant did not report that he appeared under the influence of marijuana.

The Attorney General claims that "it cannot be concluded that the use of marijuana had absolutely no relationship to the offense," and that appellant's "judgment may have been impaired by his use of marijuana." But there is nothing in the record to indicate that appellant's use of marijuana played a role in his decision to steal the vehicle, and it is not even clear he was under the influence of marijuana at the time of his arrest, while still in possession of the vehicle. The marijuana-related probation conditions have no relationship to the crime of which appellant was convicted.

### B. *Appellant Satisfies the Third Prong of the Lent Test*

Appellant argues the marijuana-related probation conditions are not reasonably related to preventing his future criminality. Appellant points out he "has never been accused of or convicted of" a drug-related offense, "he does not currently suffer from a substance abuse problem," and he has "never had to undergo prior interventions" for drug-related abuse. We agree with appellant.

5

*Lent*'s third prong does not require a "nexus" between the probation condition and the offense, but there must be "more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1122, 1121.) In addition, the condition's infringement on the probationer's liberty must not be "substantially disproportionate to the legitimate interests in promoting rehabilitation and public safety." (*Id*. at p. 1129.)

Here, appellant told the probation officer he smoked marijuana twice a month, and he last did so on the day of his arrest. The Attorney General argues that appellant's "self-described conduct in smoking marijuana . . . twice a month . . . placed him in an increased risk category for future criminality," that marijuana remains listed in the Health and Safety Code as a " 'hallucinogenic substance,' " and that "the trial court could reasonably determine that it should limit appellant's use of marijuana to help him exercise good judgment, and foster his reformation and rehabilitation."

But these arguments could be made in every case in which the probationer admits to occasional use of marijuana, a legal substance. (See Health & Saf. Code, § 11362.1 [making it lawful for persons 21 years of age or older to possess up to 28.5 grams of marijuana].) What is missing is some indication that appellant is predisposed or more likely to commit crimes when under the influence of marijuana. (*People v. Burton* (1981) 117 Cal.App.3d 382, 390 [striking condition prohibiting consuming alcoholic beverages because "there [was] no evidence in the record that appellant had ever been convicted of an alcohol-related offense . . . or that he had manifested a propensity to become assaultive while drinking"]; *In re D.G.* (2010) 187 Cal.App.4th 47, 53 [modifying condition prohibiting defendant from coming within 150 feet of any school "[b]ecause there is nothing in his

past or current offenses or his personal history that demonstrates a predisposition to commit crimes near school grounds . . . , or leads to a specific expectation he might commit such crimes"]; *People v. Balestra* (1999) 76 Cal.App.4th 57, 61–62, 68–69 [upholding alcohol and drug testing conditions because probationer had " 'an alcohol problem' " and smelled of alcohol when she committed the crime].)

We conclude the marijuana-related probation conditions are not reasonably related to preventing appellant's future criminality. Because appellant satisfies all three prongs of the *Lent* test, the marijuana-related probation conditions are invalid. Accordingly, we strike them.

DISPOSITION

We strike the following probation conditions, as stated in the probation report: "The defendant shall not use, consume, possess or transport marijuana (prescribed or not) or any non-prescribed or illegal drug or intoxicant of any kind (or associated paraphernalia) unless specifically authorized by the court during his probationary period. [¶] Submit to chemical testing at the request of any peace officer or probation officer to determine drug content. [¶] Defendant is to complete a drug assessment and follow through with treatment as directed by Probation." We otherwise affirm.

_____

Jones, P. J.

WE CONCUR:

_____

Simons, J.

_____

Needham, J.

A157385

Filed 9/15/20 after filing
unpublished opinion 8/24/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>BRAYAN ALEXANDER CRUZ CRUZ,<br><br>  Defendant and Appellant. | A157385<br><br>(Marin County<br>Super. Ct. No. SC208441A) |

**ORDER CERTIFYING OPINION FOR PUBLICATION
AND MODIFYING OPINION
[NO CHANGE IN JUDGMENT]**

**THE COURT:**

The opinion in appeal No. A157385, filed on August 24, 2020, was not certified for publication in the Official Reports.  For good cause appearing, pursuant to California Rules of Court, rule 8.1105(b), (c), the opinion is certified for publication.  Accordingly, appellant's request for publication is GRANTED.

The nonpublished opinion, filed on August 24, 2020, is ordered modified.  On page 1, the introduction is deleted and replaced with the following new introduction:

"Appellant Brayan Alexander Cruz Cruz was convicted of taking a vehicle without the owner's consent.  (Veh. Code, § 10851, subd. (a).)  He challenges the trial court's imposition of "marijuana-related conditions of

1

probation." Appellant, who was 21 years old at the time of his offense, told the probation officer he occasionally used marijuana, and he last did so on the date of his arrest, which was five days after he stole the vehicle. Based on these statements, the trial court imposed conditions of probation prohibiting appellant's use or possession of marijuana, and requiring appellant to submit to chemical testing and a drug assessment. Applying the test from *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), and *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*), we conclude the information in the probation report is insufficient to support imposition of the marijuana-related probation conditions. Accordingly, we strike them."

On the new page 1, line 2, after "Veh. Code," a new footnote 1 is added stating: "Undesignated statutory references are to the Vehicle Code."

On page 2, line 13, "Veh. Code," is deleted, and footnote 1 is deleted.

On page 4, line 20, after "*Ricardo P.*," replace "(2019)" with ", *supra*," and replace "1113" with "at p."

On page 4, line 21, remove the "(*Ricardo P.*)" short citation.

These modifications effect no change in the judgment.

Dated: _____               _____, P. J.

2

Superior Court of Marin County, Hon. Geoffrey M. Howard

Jonathan Soglin, L. Richard Braucher, and Deborah Rodriguez, under appointments by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters and Jeffrey M. Laurence, Assistant Attorneys General, Rene A. Chacon and Julia Y. Je, Deputy Attorneys General, for Plaintiff and Respondent.