Filed 4/18/22  In re K.B. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| In re K.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> K.B., <br><br> Defendant and Appellant. | A163150 <br><br> (Contra Costa County Super. Ct. No. J21-00147) |

After K.B. pleaded no contest to battery, he was adjudged a ward of the court and placed on probation subject to a number of conditions.  In this appeal, he challenges two of these conditions:  that he submit to warrantless searches of his person, property, any vehicle under his control, and residence, and that he not be on a school campus unless he is enrolled or has permission from school authorities.  K.B. contends that both conditions are invalid under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*), as well as unconstitutionally overbroad.  We will affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

We draw our summary of the facts from the probation department's report. K.B., then 17 years old, and his girlfriend were at Planned Parenthood. While they were outside, K.B. grabbed his girlfriend's throat and pushed her against a concrete wall. She tried to push K.B. away, but he maintained a grip on her throat and continued to push her against the wall for about ten seconds, until a Planned Parenthood employee came out of the building. K.B. also threatened to pour gasoline on nearby protestors. Police officers responded to the scene, and found K.B. and his girlfriend in a car, yelling, arguing, and slapping and pushing at each other's hands. The girlfriend was trying to retrieve her cell phone from K.B., who would not return it to her. K.B. was removed from the car, and an officer heard him tell the girlfriend, "I'll fucking kill you, bitch." The girlfriend had scratch marks on her neck. K.B. was arrested and taken to juvenile hall.[1]

The Contra Costa County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code[2] section 602, alleging K.B. committed misdemeanor battery on a person with whom he has or had a dating relationship (Pen. Code, §§ 242/243, subd. (e)(1); count 1.) As part of a negotiated disposition, K.B. pleaded no contest to an amended count 2, simple battery (Pen. Code, §§ 242/243, subd. (a)), and count 1 was dismissed.

At the dispositional hearing, K.B. was adjudged a ward of the court with no termination date and placed on probation in his mother's home,

---

[1] A few days after the incident, the court issued a criminal protective order prohibiting K.B. from contacting the girlfriend or coming within 100 yards of her.

[2] Statutory references are to the Welfare and Institutions Code unless otherwise specified.

subject to various conditions. K.B. timely appealed from the dispositional order.

## DISCUSSION

A. *Applicable Law and Standard of Review*

In *In re Cesar G.* (2022) 74 Cal.App.5th 1039 (*Cesar G.*), we recently summarized some of the law pertaining to probation conditions imposed by the juvenile court:

" 'The juvenile court is authorized to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).) We review the juvenile court's probation conditions for abuse of discretion. (*In re P.A.* (2012) 211 Cal.App.4th 23, 33.) [¶] Well-established principles guide our review. " 'The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents' [citation], thereby occupying a 'unique role . . . in caring for the minor's well being.' [Citation.] . . . [¶] The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults." ' " (*Cesar G.*, *supra*, 74 Cal.App.5th at p. 1045, quoting *In re Edward B.* (2017) 10 Cal.App.5th 1228, 1232 (*Edward B.*).)

" 'The juvenile court's discretion in imposing conditions of probation is broad but not unlimited. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52, (*D.G.*).) Our Supreme Court has stated criteria for assessing the validity of a probation condition: Upon review, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality[.]' " (*Lent*, *supra*, 15 Cal.3d at p. 486.) "Conversely, a condition of

3

probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Ibid.*) Adult and juvenile probation conditions are reviewed under the *Lent* criteria. (*D.G.*, *supra*, 187 Cal.App.4th at p. 52.) . . . In determining reasonableness, courts look to the juvenile's offenses and social history. ([*Id.* at p. 53].)' (*Edward B.*, *supra*, 10 Cal.App.5th at p. 1233.)

"In *Ricardo P.*, our Supreme Court clarified that the requirement that a probation condition be reasonably related to future criminality 'contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition.' (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1122.) A condition directed at curbing future criminality need not be ' "strictly tied to the offender's precise crime" '; for example, a condition may be based on 'information in a probation report that raises concerns about future criminality unrelated to a prior offense.' (*Ibid.*)

"The reasonableness standard is not the only limit on the juvenile court's discretion. A probation condition will be invalidated as unconstitutionally overbroad if any limitations it imposes on a person's constitutional rights are not closely tailored to the purpose of the condition. (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) When a probation condition is challenged as facially overbroad, without reference to the particular sentencing record developed in the trial court, an issue of law arises that is subject to de novo review on appeal. (*Id.* at pp. 888-889.)" (*Cesar G., supra*, 74 Cal.App.5th at p. 1045.)

B.    *Search Condition*

The probation department recommended that K.B. be subject to a search condition requiring him to submit his person, property, any vehicle

4

under his control, and his residence, to search and seizure by any peace officer at any time, with or without a warrant.

K.B.'s counsel objected to the condition as unreasonable under *Lent* and *Ricardo P.*, because it placed a "disproportionate burden" on K.B. in view of his "simple misdemeanor battery first offense" and the fact that K.B. had no weapons or contraband on his person. Counsel also argued that the search condition had no relation to the goal of addressing K.B.'s "anger management issues."

The prosecutor urged that because K.B. committed a violent crime and admitted using marijuana, the condition was appropriate for probation officers to ensure that he did not have weapons or drugs.

The court noted that K.B. had committed "a very disturbing, recorded, violent crime," and acknowledged that this was his first offense, that no weapons were alleged to have been involved, and that a separate condition addressed the possession of drugs.[3] The court then explained its decision to impose the search condition:

"One, I'm concerned about your marijuana use." The court noted that although K.B. represented that he was not a regular user and had not used in a long time, the report was "completely contrary to that." The court continued, "And second, is the concern about your driving and operating any vehicles without being licensed and insured. . . . [A]lso, [I'm] looking at the fact that you turn 18 in December, which means you're legally an adult, but also means you'll continue to be on probation. . . . [¶] I'm also considering the

---

[3] The court was referring to a condition that K.B. not "knowingly use or possess any illegal drugs, marijuana or synthetic marijuana, drug paraphernalia, alcohol or prescription drugs for which he does not have a current prescription issued by a duly licensed physician," and submit to drug and alcohol testing.

other incidents contained in the report that reflect your . . . at least current challenge to control your anger and responses, . . . and I'm thinking of the comments to protestors, the incidents from school, which included the use of marijuana and vaping.  [¶] So that's my explanation as to why I'm not granting your attorney's request not to issue a search and seizure clause."

K.B. argues the search condition is unreasonable under *Lent* and unconstitutionally overbroad in the circumstances, and asks us to strike it.

We begin with the *Lent* analysis, focusing on its third element.  K.B. contends that the search condition burdens him by requiring him to submit to searches without probable cause, and is not reasonably related to his future criminality.

The record shows that K.B. had a history of drug use and a history of physical fighting, as well as a lack of supervision at home.  Although K.B. told the probation department he "barely" smokes, he also said that he uses marijuana socially and often has a blunt by himself, and purchases his blunts himself.  He said he consumes marijuana to help him through difficult times in his life, and added that his cousin was recently killed and that he has lost several family members and friends in the past few years.  He also uses marijuana to help him sleep at night because of back pain.  His school discipline summary showed a range of conduct, including being under the influence of marijuana, and smelling of marijuana.  His mother is aware of his use of marijuana; according to the probation department, she does not approve, but "she is fine with it as long as he is not using anything 'serious.' "

K.B. told the probation department he had received several behavioral referrals at school for being involved in arguments, and said he had been involved in fights, including at least one at school, and was suspended for fighting.  He reported that he gets angry a lot and cannot let things go;

6

"angry words" just come out, and the more he talks, the more furious he becomes.  He said that rage takes control, he feels stronger, and sees "a million black dots" in his eyes.  He once punched someone so hard the person blacked out, and he broke his own elbow while he was arguing with someone on the telephone and slammed his elbow against a pillar.

K.B.'s mother's attempts to supervise and incentivize him have had limited success.  She works Sunday through Thursday from 10:30 p.m. to 6:30 a.m., and sometimes works extra hours or extra days.  She is the only adult who lives in the house, and she said that when she is at work, K.B. looks out for himself.  Although she said K.B. has a curfew, K.B. said he had none.  He also said that his mother was often unaware of his whereabouts; he does not ask her permission to leave the house; and he has slept at other people's houses without her knowledge.  Asked about the consequences for him if he does not do what his mother asks of him, he replied that he was "too old for consequences."  The probation department concluded that the lack of parental supervision while K.B.'s mother is working or sleeping allowed K.B. to do as he pleases, and that he chooses to involve himself in negative and delinquent behavior, including attending illegal and dangerous sideshows as regular entertainment.

K.B. told the probation department that he did not drive because he does not have a license, but he also said that a neighbor had taught him to drive and that before his interview with the department "he was running errands . . . when 'his own vehicle was towed.' "  The probation department expressed concern that he was driving without proper training or a license or insurance, putting himself and others at risk.

Under the circumstances here, the burdens imposed on K.B. by the search condition are not unreasonable or disproportionate in light of the

legitimate interest in his rehabilitation and in keeping him from criminal behavior in the future. The juvenile court could reasonably conclude that the search condition would enhance the probation department's ability to supervise K.B., particularly in the absence of effective supervision by his mother, and would help ensure his compliance with the probation conditions requiring him to be at home at night unless accompanied by a parent or guardian, and prohibiting him from using or possessing illegal drugs, driving unless properly licensed and insured, and using or possessing dangerous weapons. (See *In re Jimi A.* (1989) 209 Cal.App.3d 482, 488 [upholding search condition for minor found to have committed battery in light of minor having no parental supervision during late evening hours, minor's admitted substance abuse, and probation officer's suspicion that minor was still involved with drugs and/or alcohol].) In sum, we conclude that the search condition is reasonably related to K.B.'s future criminality (*Lent*, *supra*, 15 Cal.3d at p. 486), and therefore we need not discuss the remaining elements of the *Lent* analysis.

We turn now to K.B.'s constitutional overbreadth challenge to the search condition. This argument is forfeited because it was not raised in the juvenile court. Generally, a constitutional challenge to a probation condition as overbroad can be raised for the first time on appeal only if it presents " ' "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.) K.B.'s constitutional argument concerning the search condition is essentially a restatement of his reasonableness argument, which relies on the sentencing record, and this forecloses K.B. from making an overbreadth challenge for the first time on appeal. (*Cesar G.*, *supra*, 74 Cal.App.5th at p. 1047.)

8

C.    *School Grounds Condition*

The probation department recommended a condition prohibiting K.B. from being on a school campus unless he was enrolled or had the permission of school authorities.  K.B. raised no objection to this condition in the juvenile court.

K.B. argues the school grounds condition is unreasonable under *Lent* and unconstitutionally overbroad on its face.  He asks us to strike or modify it, but he does not propose any modification in his opening brief.

K.B. forfeited his reasonableness challenge to this condition by failing to raise it below.  (*People v. McCullough* (2013) 56 Cal.4th 589, 594.) Anticipating that we would conclude the challenge had been forfeited, K.B. argues that he received ineffective assistance of counsel, because the *Lent* criteria were clearly met and a reasonably competent attorney would have objected to the condition.  We reject that argument, because it rests on the false premise that the school grounds condition is unreasonable under *Lent*. The very case on which K.B. relies for his reasonableness argument, *D.G.*, holds otherwise.

In *D.G.*, the juvenile court imposed a probation condition that prohibited the appellant from coming within 150 feet of any school campus other than his own.  (*D.G., supra,* 187 Cal.App.4th at p. 50.)  The Court of Appeal concluded that the condition was unreasonable under *Lent*, and modified it to read, "Do not enter on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities." (*Id.* at pp. 53, 57.)  As modified, the condition was consistent with state law prohibiting outsiders from being on school grounds unless they have registered with the school principal (Pen. Code, § 627.2), and therefore "justifiable under *Lent* as

9

proscribing otherwise criminal conduct." (*D.G.* at p. 56.) The only difference between the modified condition in *D.G.* and the condition imposed on K.B. is that K.B.'s condition does not include an exception if he is accompanied by a parent or guardian, but K.B. does not contend that the difference has any significance for the *Lent* analysis.[4]

K.B.'s failure to object to the school grounds condition in the juvenile court does not forfeit his facial constitutional challenge (*Sheena K.*, *supra*, 40 Cal.4th at p. 888-889), but that challenge fails on the merits. To successfully raise a facial constitutional challenge to a probation condition, K.B. must show that the condition "cannot have *any* valid application," regardless of the facts of the case. (*People v. Patton* (2019) 41 Cal.App.5th 934, 946.) He does not make the required showing in his conclusory one-paragraph argument, which consists of a general statement of the law and the unsupported assertion that the condition is not narrowly tailored to promote a compelling state interest. In addition, K.B.'s attempt to argue facial overbreadth is undercut by his suggestion that a school grounds condition might be appropriate if his battery of his girlfriend had occurred at a school, and by his extensive reliance on *D.G.*, where, as we noted above, the Court of Appeal

---

[4] In a footnote in his reply brief, K.B. writes, "One can envision [K.B.] going to a sporting event with a parent, guardian, or responsible adult to watch a friend or sibling compete or go to a school play," and states that "[a]t the least" the school grounds condition should be modified to allow K.B. to be on school grounds if he is "accompanied by a parent or guardian or responsible adult." We need not address this issue. (See *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1295 ["[W]e will not address arguments raised for the first time in the reply brief"]; *Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947 ["Footnotes are not the appropriate vehicle for stating contentions on appeal"].) In any event, we have no reason to doubt that K.B. could obtain permission from school authorities to attend such activities in the appropriate circumstances.

modified a school grounds condition to be virtually identical to the condition imposed here.  (*D.G.*, *supra*, 187 Cal.App.4th at p. 57.)

## DISPOSITION

The challenged order is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Mayfield, J.*




A163150. *People v. K.B.*

_____

&ast; Judge of the Mendocino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.